Calvin WOOD, Petitioner,

v.

Thomas BROWN, Respondent.

No. D–1024.

Supreme Court of Texas.

Nov. 20, 1991.

Clifton M. Freeman, Dallas, for petitioner.

Harry P. Stuth, Jr., Dallas, for respondent.

PER CURIAM.

This case presents the question whether respondent Thomas Brown met the prerequisites for securing proper citation by pub-

lication under Rule 109 of the Texas Rules of Civil Procedure.

Brown filed suit against Calvin Wood for personal injury claims arising out of an automobile accident. Brown attempted to personally serve Wood with citation but was unable to locate Wood in Oklahoma at his last known address. Brown then made service by publication. After Wood failed to answer Brown's complaint, the trial court rendered default judgment in favor of Brown. In an unpublished opinion, the court of appeals affirmed the default judgment against Wood.

In order to properly make service by publication a party must comply with Rule 109. Rule 109 provides in part:

> When a party to a suit, his agent or attorney, shall make oath that the residence of any party defendant is unknown to affiant, and to such party when the affidavit is made by his agent or attorney, or that such defendant is a transient person, and that after due diligence such party and the affiant have been unable to locate the whereabouts of such defendant, or that such defendant is absent from or is a nonresident of the State, and that the party applying for the citation has attempted to obtain personal service of nonresident notice as provided for in Rule 108, but has been unable to do so, the clerk shall issue citation for such defendant for service by publication.

TEX.R.CIV.P. 109.

██ The court of appeals determined that the affidavit sworn by Brown's attorney complied with the rule, and the court upheld the default judgment against Wood. The record indicates, however, that the affidavit does not meet the requirements of Rule 109. In his affidavit, Brown's counsel stated that the Oklahoma sheriff who attempted to make service of citation on Wood informed counsel that Wood had moved from his last known address in Oklahoma and that neighbors thought that Wood had moved to Florida. The affidavit, however, does not state that Wood's residence was unknown to Brown's attorney, that Wood was a transient person, that Wood was absent from Texas or that Wood

did not reside in Texas. Therefore, the affidavit sworn by Brown's attorney did not meet any of the requirements for service by publication under Rule 109.

██ A default judgment cannot withstand direct attack by a defendant who complains that he was not served in strict compliance with applicable requirements. *See Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex.1990); *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex.1985) (per curiam).

Accordingly, we grant the application for writ of error pursuant to Rule 170 of the Texas Rules of Appellate Procedure, and without oral argument, a majority of this court reverses the judgment of the court of appeals and remands the cause to the trial court for a trial on the merits.