NUMBER 13-98-189-CV

 

COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI

 ___________________________________________________________________ 



MAC PIKE, Appellant, 



v.

 

EDGAR ALVAREZ, Appellee. 

___________________________________________________________________ 



On appeal from the 275th District Court

 of Hidalgo County, Texas.

 ___________________________________________________________________ 



O P I N I O N

 

Before Chief Justice Seerden and Justices Yañez and Chavez 



Opinion by Justice Yañez

 



 In a single issue, Mac Pike, appellant, challenges the dismissal of his bill of review. We affirm. 

 Mac Pike was sued as Mac Pike d/b/a McAllen Aviation Center by Edward Alvarez, appellee. Alvarez alleged several
causes of action arising from the theft of his airplane while it was stored in a hangar at the McAllen Aviation Center. In the
course of the litigation, Pike's attorney withdrew from representing him and Pike changed his address. Alvarez eventually
obtained a default judgment against Pike. Pike claims that he received no notice of either the trial setting or the default
judgment, because of a mistake made by the court in mailing Pike's notice to his old address. According to Pike, he was
unaware that the case had been set for trial and it was several years after the judgment issued that he became aware of the
default judgment. Pike challenged the default judgment with a motion for a bill of review. Following a hearing, the trial
court dismissed Pike's bill of review, holding that Pike had failed to present a meritorious defense as required by law. Pike
appeals this dismissal. 

 A bill of review is an equitable action used to attack a judgment "which is no longer appealable or subject to a motion for
new trial." Baker v. Goldsmith, 582 S.W.2d 404, 406 (Tex. 1979). A bill of review must be brought within four years of
the date of the judgment. Tex. Civ. Prac. & Rem. Code Ann. § 16.051 (Vernon 1997 and Supp. 2000); Tex. R. Civ. P.
329b(f); Defee v. Defee, 966 S.W.2d 719, 722 (Tex. App.--San Antonio 1998, no pet.); Law v. Law, 792 S.W.2d 150, 153
(Tex. App.--Houston [1st. Dist.] 1990, writ denied). "The only exception to the four-year limitation is for petitioner to
show extrinsic fraud." Law, 792 S.W.2d at 153. 

 At the pre-trial hearing on Pike's bill of review, Alvarez argued that the bill of review should be dismissed because it was
filed outside the limitations period. In an affidavit admitted in evidence at the hearing Pike stated that a judgment was
taken against him in February of 1991. Pike did not file his motion for a bill of review until October 31, 1996, over five
years after the judgment. Pike neither alleges that he was prevented from discovering the default judgment as a result of
extrinsic fraud, nor does he offer any evidence of extrinsic fraud. Pike's bill of review is barred by the statute of limitations
and the trial court had no authority to set aside the judgment. See Defee, 966 S.W.2d at 722. Because this issue is
dispositive, we do not reach Pike's other contentions. Tex. R. App. P. 47.1. 

 The judgment of the trial court is AFFIRMED. 



________________________ 

LINDA REYNA YAÑEZ 

Justice 



Do not publish. 

Tex. R. App. P. 47.3. 



Opinion delivered and filed this 



the 15th day of June, 2000.