NUMBER 13-01-753-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

___________________________________________________________________


FRANCES CAROLYN MANLEY N/K/A FRANCES CAROLYN GIFFORD A/K/A 

KAY GIFFORD, DARRELL F. MANLEY, SR. A/K/A DARRELL FAY MANLEY, AND 

DARRELL F. MANLEY, JR. , Appellants,



v.




OPHELIA PARSONS , Appellee.

___________________________________________________________________
On appeal from the 197th District Court

of Cameron County, Texas.

__________________________________________________________________



O P I N I O N



Before Chief Justice Valdez and Justices Rodriguez and Dorsey (1)

Opinion by Justice Rodriguez


 Appellants, Darrell Manley, Sr. (Manley, Sr.), Frances Carolyn Manley (Frances Manley), and Darrell
Manley, Jr. (Manley, Jr.), bring this appeal following the trial court's final judgment in favor of appellee,
Ophelia Parsons. By six issues, appellants generally contend the trial court erred in: (1-3) signing appellee's
interlocutory order granting appellee's bill of review; and (4-6) granting appellee's summary judgments against
appellants. We reverse and render.

I. Facts

 In 1983 Manley, Sr. and appellee started a business relationship which soon evolved into a romantic
relationship. At the time of their relationship, Manley, Sr. was married to Frances Manley.

 In 1984 Manley, Sr. started having financial problems. In October 1984 Manley, Sr. transferred ownership of
approximately 8.6 acres of real property (the property) in Cameron County, Texas to appellee. Appellee and
appellants disagree on the terms of the transfer; i.e., whether appellee was to keep the property, or whether
Manley, Sr. would receive the property back after he resolved his financial problems.

 In November 1984 Manley, Sr. filed for divorce from Frances Manley. In January 1985 a final divorce decree
was entered awarding Frances Manley an undivided one-half interest in the property. On June 5, 1985,
Frances Manley filed suit against appellee to quiet title on the property. Frances Manley and her attorney
failed to locate appellee and requested service by publication. Appellee failed to enter an appearance. On
April 8, 1986, a default judgment was entered against appellee vesting Frances Manley with an undivided
one-half interest in the property.

 In February 1999 Frances Manley transferred her one-half interest to Manley, Sr. Manley, Sr. then deeded the
property to his son, Manley, Jr. In January 2000 appellee filed a second amended original petition for a bill of
review seeking to overturn the 1986 default judgment. Manley, Sr. and Frances Manley answered the bill of
review, and Manley, Jr. intervened in the suit. In May 2000 the trial court granted appellee's bill of review and
vacated and declared void the default judgment entered against appellee in 1986. On August 8, 2000, the trial
court granted appellants' motion for new trial.

 On October 3, 2000, appellee filed motions for partial summary judgment against Manley, Sr. and Manley,
Jr., and a first amended motion for summary judgment against Frances Manley. On October 24, 2000,
appellee filed a motion for entry of interlocutory order on appellee's bill of review. In November 2000 the trial
court signed an interlocutory order granting appellee's bill of review. In May 2001 the trial court granted all
of appellees' motions for summary judgment. On July 25, 2001, the trial court signed a final judgment
disposing of all the issues. In the judgment, the trial court noted the reason for granting appellee's bill of
review was because appellee was denied due process at the time the default judgment was signed in 1986. 
This appeal ensued. 



II. Bill of Review

A. Due Process


 By their second and third issues, appellants contend the trial court erred in finding that appellee's due process
rights were violated and that she was, thus, entitled to bill of review relief. Specifically, appellants contend the
trial court erred in concluding: (1) that service by publication violated appellee's due process rights; and (2)
that failure to appoint an attorney ad litem violated appellee's due process rights.

1. Standard of Review

 A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no
longer subject to challenge by a motion for new trial or appeal. See Wembley Inv. Co. v. Herrera, 11 S.W.3d
924, 927 (Tex. 1999); Caldwellv. Barnes, 975 S.W.2d 535, 537 (Tex. 1997). Traditionally, to successfully
challenge a judgment by bill of review, the petitioner must allege: (1) a meritorious defense to the cause of
action supporting the judgment; (2) which she was prevented from making by the fraud, accident, or wrongful
act of the opposing party; (3) unmixed with any fault or negligence of her own. Caldwell, 975 S.W.2d at 537;
Mowbray v. Avery, 76 S.W.3d 663, 682 (Tex. App.-Corpus Christi 2002, pet. denied).

 We review the granting or denial of a bill of review under an abuse of discretion standard. (2) Gold v. Gold,
No. 05-02-01254-CV, 2003 Tex. App. LEXIS 5727, at *3 (Dallas July 3, 2003, no pet. h.); Nguyen v.
Intertex, Inc., 93 S.W.3d 288, 293 (Tex. App.-Houston [14th Dist.] 2002, no pet.); Interaction, Inc. v. State,
17 S.W.3d 775, 778 (Tex. App.-Austin 2000, pet. denied).

2. Statute of Limitations

 A petition for bill of review must be filed within four years of the date of the disputed judgment. See Tex.
Civ. Prac. & Rem. Code Ann. § 16.051 (Vernon 1997);Caldwell, 975 S.W.2d at 538. The only exception to
the four-year limitation is when the petitioner proves extrinsic fraud. Defee v. Defee, 966 S.W.2d 719, 722
(Tex. App.-San Antonio 1998, no pet.); Law v. Law, 792 S.W.2d 150, 153 (Tex. App.-Houston [1st Dist.]
1990, writ denied).

3. Publication

 In her bill of review and motion for an interlocutory order granting appellee's bill of review, appellee alleged
she was denied due process because appellants committed extrinsic fraud in failing to use due diligence to
locate appellee prior to serving her by publication.

 Extrinsic fraud is fraud that denied a party the opportunity to fully litigate at trial all the rights or defenses that
the party was entitled to assert. Tice v. City of Pasadena, 767 S.W.2d 700, 702 (Tex. 1989); Chapman v.
King Ranch, Inc., 41 S.W.3d 693, 700 (Tex. App.-Corpus Christi 2001, pet. granted). "Extrinsic fraud is
'collateral' fraud in the sense that it must be collateral to the matter actually tried and not something which was
actually or potentially in issue in the trial." Chapman, 41 S.W.3d at 700-01 (quoting Montgomery v.
Kennedy, 669 S.W.2d 309, 312 (Tex. 1984)). 

 For proper service by publication, a party must comply with Rule 109 of the Texas Rules of Civil Procedure. 
Wood v. Brown, 819 S.W.2d 799, 800 (Tex. 1991). Rule 109 provides, in part,

When a party to a suit, his agent or attorney, shall make an oath that the residence of any party defendant is
unknown to affiant, and to such party when the affidavit is made by his agent or attorney . . . and that after
due diligence such party and the affiant have been unable to locate the whereabouts of such defendant . . . the
clerk shall issue citation for such defendant for service by publication. In such cases it shall be the duty of the
court trying the case to inquire into the sufficiency of the diligence exercised in attempting to ascertain the
residence or whereabouts of the defendant . . . before granting any judgment on such service.



Tex. R. Civ. P. 109. Thus, before service by publication is proper, a party, or their attorney, must file an
affidavit with the clerk stating that after due diligence, the whereabouts of the defendant remain unknown. 
See id. Before a judgment is granted in a case where the defendant is served by publication, the court must
determine the sufficiency of diligence used to locate the defendant. See id.

 In the underlying suit, Frances Manley filed an original petition on June 5, 1985 alleging appellee committed
fraud on her community rights and interests. The petition also included a request for service by publication. 
Attached to the petition was an affidavit by Frances Manley's attorney, S. Gary Werley. In the affidavit,
Werley stated, in part:

[T]he address of the Defendant [appellee] is unknown to the affiant and to the Plaintiff in the above-styled
cause. A search has been made for the Defendant including the hiring of a private detective in San Antonio,
Texas, the city in which the Plaintiff had any knowledge that the Defendant resided. The Plaintiff had one
address in order to contact the Defendant. The Plaintiff contacted the residents of that address and they have
stated that they do not have any knowledge of the whereabouts nor do they know of . . . [appellee]. The
residence of . . . [appellee] is unknown.



In both her motion for bill of review and motion for an interlocutory order granting appellee's bill of review,
appellee contended that the requirement of due diligence was not satisfied because appellee's address was
known by the parties, or at the very least, should have been known. See Matter of Marriage of Peace, 631
S.W.2d 790, 794 (Tex. App.-Amarillo 1982, no writ.) ("[N]otice by publication is not enough with respect to
a person whose name and address are known or very easily ascertainable . . . .") (quoting Schroeder v. New
York, 371 U.S. 208, 212-13 (1962)). Thus, appellee contends, the evidence shows appellants committed
extrinsic fraud by not locating appellee for service by means other than publication. See Morris v. Morris, 759
S.W.3d 707, 709 (Tex. App.-San Antonio 1988, writ denied) (extrinsic fraud established if appellee was aware
of whereabouts of appellant and due diligence would have resulted in personal notification). Appellee
included numerous exhibits containing appellee's known addresses. These included receipts, billing
statements, and correspondence from various governmental entities. Appellee contends that because these
governmental entities had access to her address, appellants should have been able to discover it.

 Although these exhibits establish that appellee had two different addresses from November 21, 1984 through
March 3, 1986, for various reasons they do not establish that appellants failed to use due diligence in their
search of appellee. First, other than the first exhibit with a date of November 21, 1984, the exhibits establish
different addresses subsequent to the time Frances Manley filed her original petition with Werley's affidavit. 
The exhibits do not establish a known address at the time the suit was filed. Second, the exhibits do not
establish whether or not the address mentioned in Werley's affidavit is the same as any of the two listed in the
exhibits. Werley stated in his affidavit that Frances Manley had one address for appellee and made contact
with appellee's known address to no avail. It is not clear if the address mentioned in the exhibit with a date of
November 21, 1984 is the same one that Frances Manleyvisited prior to filing the original petition. Appellee
did not provide any controverting evidence that Werley or Frances Manley knew of appellee's address at the
time of the suit and failed to serve her, and they do not offer any controverting evidence that a private
detective was not hired in a valid attempt to locate appellee. Thus, we find these exhibits do not establish that
Frances Manley failed to use due diligence in her attempt to locate appellee. Appellee was not denied due
process as the requirements for proper service by publication were followed. See Tex. R. Civ. P. 109; see
alsoPeralta v. Heights Med. Ctr., Inc., 485 U.S. 80, 86 (1988); Caldwell, 975 S.W.2d at 537.

 Because Werley's affidavit satisfied the requirements of Rule 109 of the rules of civil procedure and due
diligence was properly exercised, appellee is barred by the statute of limitations in bringing her bill of review. 
See Defee, 966 S.W.2d at 722; Law, 792 S.W.2d at153; see also Morris, 759 S.W.3d at 709. We find the
trial court abused its discretion in signing appellee's interlocutory order granting appellee's motion for bill of
review. Gold, 2003 Tex. App. LEXIS 5727, at *3; Intertex, Inc., 93 S.W.3d at 293. Appellants' second issue
is sustained.

4. Attorney Ad Litem

 In both her motion for bill of review and motion for an interlocutory order granting appellee's bill of review,
appellee also alleged the trial court violated her due process rights by failing to appoint an attorney ad litem
once service by publication was made. However, because extrinsic fraud is the only exception to the statute of
limitations, and appellee neither alleged, nor subsequently proved, that the failure to appoint an attorney ad
litem was extrinsic fraud, we find the statute of limitations bars her from bringing a bill of review on such
grounds. Defee, 966 S.W.2d at 722; Law, 792 S.W.2d at 153. Thus, the trial court abused its discretion in
signing appellee's interlocutory order granting appellee's motion for bill of review on the attorney ad litem
issue. See Gold, 2003 Tex. App. LEXIS 5727, at *3; Intertex, Inc., 93 S.W.3d at 293. Appellants' third issue
is sustained. (3)

C. Conclusion

 Accordingly, we reverse the final judgment of the trial court and render judgment denying appellee's motion
for bill of review.



 

NELDA V. RODRIGUEZ

Justice



Opinion delivered and filed

this 14th day of August, 2003. 

1. Retired Justice J. Bonner Dorsey assigned to this Court by the Chief Justice of the Supreme Court of Texas
pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. When the inquiry on the bill of review concerns questions of law, such as whether appellant presented prima
facie proof of a meritorious defense, we review the trial court's decision de novo. See Mosley v. Dallas
County Child Prot. & Regulatory Servs., No. 05-02-01980-CV, 2003 Tex. App. LEXIS 5607, *4 (Dallas July
1, 2003, no pet. h.); Jones v. Tex. Dep't of Prot. & Regulatory Servs., 85 S.W.3d 483, 490 (Tex. App.-Austin
2002, no pet. h.); see also Nichols v. Jack Eckerd Corp., 908 S.W.2d 5, 7-8 (Tex. App.-Houston [1st Dist.]
1995, no writ). However, we are not reviewing questions of law in this instance. 

3. Because of our disposition of appellants' second and third issues, we need not address appellants' remaining
issues. See Tex. R. App. P. 47.1.