United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 04-51345

---

In the Matter of: DONNA RAE GIBBONS-MARKEY,
Debtor

DONNA RAE GIBBONS-MARKEY,

Appellant,

versus

TEXAS MEDICAL LIABILITY TRUST,

Appellee.

---

Appeal from the United States District Court for
the Western District of Texas
(USDC No. 5:04-CV-231)

---

Before REAVLEY, GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

This appeal arises from an insurance coverage dispute between insurer Texas

Medical Liability Trust (TMLT) and its insured doctor, Donna Gibbons-Markey, who

after failure to receive notice of a malpractice suit and receipt of news of a default

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

judgment entered against her, waited approximately five months before notifying her carrier of the default. Gibbons-Markey sued for breach of the duty to defend complaining of TMLT's failure to file a bill of review to vacate the judgment, a remedy she successfully pursued through private counsel at her own cost. This suit was commenced in Texas state court and removed to federal bankruptcy court when Gibbons-Markey filed for Chapter 7 bankruptcy relief. The bankruptcy court entered judgment in favor of TMLT and the district court affirmed, finding that Gibbons-Markey had not been properly served but holding that TMLT had been prejudiced as a matter of law by the passage of time between Gibbons-Markey's eventual notice of the lawsuit and her notice to TMLT. For the following reasons, we reverse the district court's decision and remand to the district court for limited further proceedings as set forth below.

We review the decision of a district court, sitting as an appellate court, by applying the same standards of review to the bankruptcy court's findings of fact and conclusions of law as applied by the district court. Carrieri v. Jobs.com Inc., 393 F.3d 508, 517 (5th Cir. 2004). A bankruptcy court's findings of fact are reviewed for clear error and its conclusions of law de novo. Id. A district court's determination of state law is also reviewed de novo. In re Whitaker Constr. Co., Inc., 411 F.3d 197, 201 (5th Cir. 2005). Where federal courts consider state law matters in conjunction with a bankruptcy proceeding, in the absence of a final decision by the state's highest court on the issue at hand, it is the duty of the federal court to determine, in its best judgment, how the highest court of the state would resolve the issue if presented with the same case. Id. Where the

state high court has not spoken clearly to the issue, we may look to the decisions of the state's intermediate appellate courts for guidance. In re Liljeberg Enter., Inc., 304 F.3d 410, 424 (5th Cir. 2002).

As we have acknowledged, under Texas law, an insurer cannot avoid its contractual obligations based merely upon a delay in notice unless it can affirmatively prove it has been prejudiced by the delay. Hanson Prod. Co. v. Americas Ins. Co., 108 F.3d 627, 629 (5th Cir. 1997). Federal district courts in Texas have recognized that little authority exists to explain what constitutes sufficient prejudice to relieve an insurer of liability under Texas law. See, e.g., St. Paul Guardian Ins. Co. v. Centrum G.S. Ltd., 383 F. Supp. 2d 891, 903 (N.D. Tex. 2003). The Texas Supreme Court has consistently held that an insurer is prejudiced as a matter of law where its insured is aware of a lawsuit against him or her but fails to notify the insurer until after default judgment has been entered. See, e.g., Harwell v. State Farm Mut. Auto. Ins. Co., 896 S.W.2d 170 (Tex. 1995); Liberty Mut. Ins. Co. v. Cruz, 883 S.W.2d 164 (Tex. 1993). However, we agree with the district court that these cases are inapplicable here, where the insured was not properly served and thus unaware of the suit until after default.

Because we believe that the Texas Supreme Court would not find an insurer prejudiced as a matter of law by post-default notice where the insured was also unaware of the suit until after default had been entered, we must determine whether, on the specific facts of the present case, TMLT has shown that it was prejudiced by the five-month delay in notice after Gibbons-Markey became aware of the malpractice lawsuit.

3

Here, we diverge from the district court and conclude that it has not.

Whether an insurer has been prejudiced by untimely notice depends upon whether it has suffered an adverse change in position due to the delay. 14 LEE R. RUSS & THOMAS F. SEGALLA, COUCH ON INSURANCE § 199.139 (3d ed. 1995). Accordingly, the dispositive factor in determining whether an insurer has been prejudiced by a delay in tendering defense is not how much time elapses prior to tender, but what happens during that time. Id.

Under Texas law, a default judgment may be attacked directly either in the trial court (through a motion for new trial or a bill of review) or in the appellate court (through an ordinary appeal, a restricted appeal, or an appeal of a denial of a bill of review). By the time Gibbons-Markey learned of the lawsuit, the deadlines for filing a motion for new trial[1] and an ordinary appeal[2] had passed, leaving only a restricted appeal or a bill of review as options for seeking postjudgment relief from the default. By the time Gibbons-Markey notified TMLT, the window for filing a restricted appeal had also closed[3] leaving a bill of review as the only option. TMLT argues that it was adversely affected during the five-month lapse because, had it learned of the default judgment contemporaneously with Markey, it could have filed a restricted appeal. We disagree.

---

[1] Thirty days after the judgment was signed. TEX. R. CIV. P. 329b.

[2] Thirty days after the judgment was signed if no motion for new trial was filed. TEX. R. APP. P. 26.1.

[3] Six months after the judgment or order was signed. TEX. R. APP. P. 26.1(c).

4

A restricted appeal (formerly called an appeal by writ of error) may be filed, within six months after the judgment or order is signed, by a party that (1) did not participate, either in person or through counsel, in the hearing that resulted in the judgment complained of, and (2) did not timely file a postjudgment motion or request for findings of fact and conclusions of law. TEX. R. APP. P. 26.1. It is not considered an equitable proceeding, so the appellant is not required to show diligence or lack of negligence. Texaco, Inc. v. Central Power & Light Co., 925 S.W.2d 586, 590 (Tex. 1996) (discussing the predecessor writ of error proceeding).

A bill of review is an independent equitable action brought by a party to a previous suit who seeks to set aside a judgment that is no longer subject to challenge by a motion for new trial or by appeal. Caldwell v. Barnes, 975 S.W.2d 535, 537 (Tex. 1998). A petition for bill of review must be filed after the trial court's plenary power expires,[4] but within Texas' residual four-year statute of limitations.[5] To set aside a judgment by bill of review, the petitioner must ordinarily plead and prove (1) a meritorious defense to the cause of action, (2) that the petitioner was prevented from making the defense by the fraud, accident, or wrongful act of the opponent, and (3) the petitioner was not at fault or negligent. Id.

However, when the petitioner was not properly served, constitutional due process

---

[4] TEX. R. CIV. P. 329b(f)

[5] TEX. CIV. PRAC. & REM. CODE § 16.051.

5

relieves him or her from showing the first two of the three requirements. Id. And the third element is conclusively established if the petitioner proves that he or she was never served with process. Id. (holding that an individual who is not served cannot be at fault or negligent in allowing a default judgment to be rendered). If the petitioner proves lack of service, the petitioner is entitled to a remedy by bill of review and the parties revert to their original status as plaintiff and defendant. Id. See also, Wood v. Brown, 819 S.W.2d 799, 800 (Tex. 1991) (holding that a default judgment cannot withstand a direct attack by a defendant who was not served in strict compliance with the appropriate service rules); Wetcliffe, Inc. v. Bear Creek Constr., Ltd., 105 S.W.3d 286, 290 (Tex. App. — Dallas 2003, no pet.) (recognizing that a default judgment based on improper service is void).

The courts below found persuasive TMLT's argument that, because a bill of review is an equitable remedy, it is subject to equitable defenses including laches, and thus prejudice can occur by the mere passage of time. However, the Texas Supreme Court has held that laches should not bar relief from default judgment within the four-year residual limitations period unless some extraordinary circumstances exist so that allowing the action "would work a grave injustice." Caldwell, 975 S.W.2d at 538. There is no extraordinary circumstance here.

TMLT further argues that, since a court petitioned to grant a bill of review will consider whether all other legal remedies were first exhausted, Gibbons-Markey's failure to notify while the restricted appeal was still available diminished the odds of success for bill of review relief, thus prejudicing TMLT. It is true that, in addition to meeting the

6

necessary elements discussed above, a petitioner for a bill of review must ordinarily show that he or she exercised due diligence to assert all adequate legal remedies before filing the bill of review. Caldwell at 537. However, the Texas Supreme Court has held that, failure to first file a restricted appeal is not a bar to filing a bill of review. Gold v. Gold, 145 S.W.3d 212, 213 (Tex. 2004). The requirement that a party exercise diligence in asserting all adequate legal remedies before filing the bill of review applies to matters that could have been filed in the trial court's first proceeding, such as a motion to reinstate or motion for new trial. Id. The diligence requirement also applies to the prosecution of an ordinary appeal. Id. It does not prevent a party from choosing to file a bill of review rather than a restricted appeal. Id. at 213-214.

Finally, we note that the scope of review on a restricted appeal from a default judgment is limited to the face of the record. Conseco Fin. Servicing v. Klein Indep. Sch. Dist., 78 S.W.3d 666, 670 (Tex. App.—Houston [14th Dist.] Houston, no pet.). If proper service is not affirmatively shown, there is error on the face of the record. Primate Constr., Inc. v. Silver, 884 S.W.2d 151, 153 (Tex. 1994). Thus, the ultimate showing that Gibbons-Markey (or TMLT on her behalf) must have made under either a restricted appeal or a bill of review was essentially the same: that Gibbons-Markey was not properly served. However, under a restricted appeal, no extrinsic (and possibly persuasive), testimony by Gibbons-Markey would have been allowed. It is arguable that the bill of review would have been preferable even when both remedies were still available. In sum, there is nothing to suggest that the situation was appreciably changed

7

for the worse during the five-month period of delay.

We do not find persuasive TMLT's argument that a bill of review is, by definition, excluded from an insurer's duty to defend because a defective-service default judgment, though void, nonetheless becomes final thirty days after entry, thereby ending the lawsuit. A judgment may be final for purposes of appeal but still open to direct attack. Even if the language of a policy requiring an insurer "to defend any lawsuit" against the insured does not explicitly require an insurer to seek post-judgment relief, it is illogical to suppose that the word "defense" relates only to the trial of the action and does not embrace such relief. See 22 ERIC M. HOLMES, HOLMES' APPLEMAN ON INSURANCE § 136.11 (2d ed. 2003) (recognizing that, by that reasoning, an appeal is likewise not a "defense" by definition but is nonetheless, in some circumstances, encompassed within an insurer's duty to defend).

While the Texas Supreme Court has not directly answered the question of whether an insurer has a duty to seek postjudgment relief from a defective service default, including filing a bill of review, we find a case from a Texas intermediate court of appeals instructive. In Rodriguez v. Texas Farmers Ins. Co., 903 S.W.2d 499, 508 (Tex. App. — Amarillo 1995, writ denied), the court was asked to determine whether the insured had breached its duty to cooperate such as to permit non-coverage by the insurer. The insured sought to keep the insurer from pursuing postjudgment relief from a default judgment pursuant to a side agreement with the original plaintiff that it would not execute the default judgment against the insured. The court held that an insurers's ability to seek

8

set-aside of a default judgment against its insured was a valid defense and that the insurer was prejudiced by insured's failure to cooperate in pursuing such postjudgment relief. We find the Rodriguez case a fair indicator that the Texas Supreme Court would not limit the definition of "defense" to encompass only the trial of the action.

We find that, on these facts, TMLT has not succeeded in showing that it was prejudiced during the time between Gibbons-Markey discovery of the defective-service default and the time she notified TMLT so as to relieve it of the duty to seek the viable post-judgment relief still available at the time of notice.

Because the bankruptcy court found for TMLT, it did not reach the question of whether the attorneys fees expended by Gibbons-Markey in responding to post-judgment discovery and filing the bill of review were reasonable. We remand to the district court to direct further proceedings to make this determination.

REVERSED AND REMANDED.