In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-08-00154-CV

____________


REBECCA COLLEY, Appellant


V.


DAVID HICKERSON, Appellee






On Appeal from the 308th District Court

Harris County, Texas

Trial Court Cause No. 2002-15847





MEMORANDUM OPINION


 Appellee, David Hickerson, filed a motion to dismiss for want of jurisdiction
and appellant, Rebecca Colley, responded. In her response, Colley states, "The
District Judge's order upholding the Associate Judge's recommendations (Exhibit 7)
was signed February 12, 2008 and is what Appellant is appealing. Additionally, even
if the District Judge had signed the Associate Judge's recommendations making them
final, the Appellee again failed to provide proper service of notice to the necessary
parties."

Background

 Colley filed this suit affecting the parent child relationship seeking to modify
the terms of the possession of, access to, and conservatorship of Hickerson's child. 
 Colley was an intervenor in the original divorce proceeding between Hickerson and
his wife and was granted designated periods of possession of the child. Hickerson
filed a plea to the jurisdiction challenging Colley's standing to seek modification of
the possession and conservatorship of the child. On October 19, 2007, after a hearing
and recommendation to grant the plea to the jurisdiction by an associate judge, the
trial court signed an order granting the plea to the jurisdiction dismissing Colley's
suit. 

 More than 30 days later, on November 21, 2007, Colley filed a "Motion to
Void Associate Judge's Ruling on Plea to Jurisdiction." On January 25, 2008, the
trial court held a hearing on Colley's attempted appeal of the associate judge's ruling. 
The trial court denied Colley's request and again dismissed the case on February 12,
2008. Within 30 days of that order, on March 3, 2008, Colley filed a notice of appeal.


Analysis

 A trial court "has plenary power to grant a new trial or to vacate, modify,
correct, or reform the judgment within thirty days after the judgment is signed." Tex.
R. Civ. P. 329b(d). Further, a "notice of appeal must be filed within 30 days after the
judgment is signed." Tex. R. App. P. 26.1. If a party timely files a motion for new
trial, the notice of appeal is due within 90 days. Tex. R. App. P. 26.1(a). A motion
for new trial is due "within thirty days after the judgment or other order complained
of is signed." Tex. R. Civ. P. 329b(a). Absent a timely filed notice of appeal or
motion to extend time in which to file a notice of appeal, we must dismiss for lack of
jurisdiction. See Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997). 

 In the Motion to Dismiss filed with this Court, Hickerson contends the trial
court signed its order on October 19, 2007, and the court's plenary power expired on
November 19, 2007. Thirty days from October 19, 2007 was November 18, 2007, a
Sunday. Therefore, the time for Colley to file a motion for new trial or to vacate,
modify, correct, or reform the judgment was the following Monday, November 19,
2007. See Tex. R. Civ. P. 4. Hickerson, therefore, correctly states the notice of
appeal was due November 19, 2007. See id. 

 Colley contends that she filed a timely appeal of the associate judge's ruling
under the Family Code, entitling her to a hearing de novo before the trial court. See
Tex. Fam. Code Ann. § 201.015(a) (Vernon 2008). A request for a de novo hearing
before the trial court of a matter heard by an associate judge must be in writing. Id. 
At the time this case was pending before the trial court, the written request for a de
novo hearing was due "not later than the third working day" after receiving notice of
the associate judge's ruling. Act of June 1, 1987, 70th Leg., R.S., ch. 674, § 3.02,
1987 Tex. Gen. Laws 2507, 2517 (current version at Tex. Fam. Code Ann.
§ 201.015(a)). The record in this case contains no written request by Colley. 
Therefore, the trial court was free to adopt the associate judge's ruling. Tex. Fam.
Code Ann. § 201.014(a)(1) (Vernon 2008). The trial court did so on October 19,
2007. Moreover, the Family Code expressly provides the date the trial court signs
an order adopting the associate judge's ruling "is the controlling date for the purposes
of appeal . . . ." Id. § 201.016(b) (Vernon 2008). Colley does not contend that she
did not receive notice of the trial court's order of October 19, 2007. 

 On November 21, 2007, Colley filed a "Motion to Void Associate Judge's
Ruling on Plea to Jurisdiction." The "Motion to Void Associate Judge's Ruling on
Plea to Jurisdiction" was not a notice of appeal, nor was it a motion to extend time to
file the notice of appeal, but at best, it was a motion for new trial. However,
assuming it was a motion for new trial, it was not filed within 30 days of the judgment
or other order complained of, and therefore did not extend the time for filing a notice
of appeal. See Tex. R. Civ. P. 329b(a); Tex. R. App. P. 26.1(a). The notice of appeal
was not filed until March 3, 2008, well beyond the due date of November 19, 2007. 
Because the notice of appeal was not timely filed, we lack jurisdiction over this
appeal.

 Alternatively, Colley contends that "even if the District Judge had signed the
Associate Judge's recommendations making them final, the Appellee again failed to
provide proper service of notice to the necessary parties." Colley argues, "A default
judgment cannot withstand a direct attack by a defendant who was not served in strict
compliance with the appropriate rules. Wood v. Brown, 819 S.W.2d 799, 800 (Tex.
1991); see Uvalde Country Club v. Martin Linen Supply Co., 690 S.W.2d 884, 885
(Tex. 1985)." While we agree with this statement, it is inapplicable to this case. In
both Wood and Uvalde Country Club, a default judgment was taken against a
defendant who had never been properly served with a citation. Wood, 819 S.W.2d
at 800; Uvalde Country Club, 690 S.W.2d at 885. Here, Colley filed the petition and
was responsible for serving the other parties. She cannot contend that she had no
knowledge of the lawsuit because she initiated it. Thus, the authorities Colley relies
on concerning defendants who were never properly served are inapplicable and
irrelevant.

 We grant Hickerson's Motion to Dismiss and dismiss this appeal for want of
jurisdiction.

PER CURIAM

Panel consists of Chief Justice Radack and Justices Alcala and Hanks.