

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00343-CV

Richard **SPEIRS**,
Appellant

v.

**UNION PACIFIC RAILROAD COMPANY**,
Appellee

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2009CI17924
Honorable Angelica Jimenez, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:       Rebeca C. Martinez, Justice
               Irene Rios, Justice
               Beth Watkins, Justice

Delivered and Filed: February 6, 2019

AFFIRMED

Richard Speirs files this appeal from an order denying and dismissing two filings, each entitled, "Plaintiff's Petition For Motion On Evidentiary Hearing On Newly Discovered Evidence: Fraud, Spoilation [sic] Of Evidence, And Concealment Of Evidence For A New Trial" ("Petitions For Motion"). The Petitions for Motion were not timely filed, regardless of whether they are considered motions for new trial or petitions for bill of review. The trial court therefore correctly dismissed them.

**Facts**

Speirs filed suit against Union Pacific Railroad Company ("Union Pacific") in 2009 for injuries allegedly sustained while working at a Union Pacific facility. That suit, cause number 2009-CI-17924, resulted in a take-nothing judgment on Speirs's claims. Speirs filed a motion for new trial, which was denied, but did not appeal the judgment.

In December 2013, Speirs filed an Original Petition for Bill of Review in a new cause (number 2013-CI-20597). The trial court granted Union Pacific's motion for summary judgment and dismissed the bill of review by order dated May 6, 2014. Speirs did not appeal that final order.

On September 13, 2017, Speirs filed his first Petition for Motion under the original cause number, 2009-CI-17924. On April 9, 2018, he filed his second Petition for Motion, also under the original cause number. The two Petitions for Motion contain much the same content. In each filing, Speirs refers to standards applicable to motions for new trial as well as those applicable to petitions for bill of review. It is not clear, however, whether the latter references are made in relation to the bill of review he previously filed in cause number 2013-CI-20597. In any event, the trial court apparently treated the Petitions for Motion as motions for new trial. On April 24, 2018, it signed an order that identified the two Petitions for Motion collectively as "Plaintiff's Request for New Trial," and ordered them denied and dismissed. It is from this order that Speirs now appeals.

Despite the trial court's treatment of the Petitions for Motion as motions for new trial, both parties treat them as petitions for bill of review on appeal. We address the timeliness of the filings in the context of both motions for new trial and petitions for bill of review.[1]

---

[1] We note, however, that Speirs did not file his Petitions for Motion as a separate action, as would be required for a bill of review. *See Schwartz v. Jefferson*, 520 S.W.2d 881, 889 (Tex. 1975) (orig. proceeding) (bill of review is a separate suit).

**Discussion**

*Treating Speirs's filing as a motion for new trial*

A motion for new trial is untimely unless it is filed within thirty days after the judgment complained of is signed. TEX. R. CIV. P. 329b(a); *L.M. Healthcare, Inc. v. Childs*, 929 S.W.2d 442, 443 (Tex. 1996). Similarly, "an amended [or second] motion for new trial filed more than thirty days after the trial court signs a final judgment is untimely." *Moritz v. Preiss*, 121 S.W.3d 715, 720 (Tex. 2003). In addition, a trial court's plenary power expires thirty days after it overrules a motion for new trial. TEX. R. CIV. P. 329b(e); *In re Brookshire Grocery Co.*, 250 S.W.3d 66, 72 (Tex. 2008) (orig. proceeding).

The judgment about which Speirs complains was signed on March 8, 2013. A previous motion for new trial filed by Speirs was denied on April 3, 2013. The court's plenary jurisdiction expired thirty days later, on May 3, 2013. *See In re Brookshire Grocery*, 250 S.W.3d at 72. Speirs's first Petition for Motion was filed on September 13, 2017, over four years after the trial court's plenary jurisdiction expired. The second Petition for Motion was filed on April 9, 2018, nearly five years after the court's plenary jurisdiction expired. If either document was intended to be a motion for new trial, it was filed too late.

Speirs's Petitions for Motion, if considered to be motions for new trial, were not timely filed. The trial court thus properly dismissed them.

*Treating Speirs's filing as a petition for bill of review*

"A bill of review is an equitable proceeding to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or direct appeal. It must, however, be brought within four years of the rendition of the judgment." *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 275 (Tex. 2012) (citation omitted); *see Caldwell v. Barnes*, 975 S.W.2d 535, 537-38 (Tex. 1998). That period may be tolled upon a showing of extrinsic fraud. *PNS Stores*, 379 S.W.3d at 275.

It is crucial to distinguish between extrinsic fraud and intrinsic fraud, because "[o]nly extrinsic fraud will support a bill of review." *Id.* at 275 n.14. "Extrinsic fraud is fraud that denies a litigant the opportunity to fully litigate at trial all the rights or defenses that could have been asserted." *Id*. at 275. Intrinsic fraud, on the other hand, "relates to the merits of the issues which were presented." *Id.* at 275 n.14 (quoting *Tice v. City of Pasadena*, 767 S.W.2d 700, 702 (Tex. 1989) (orig. proceeding)). "It is particularly well-established that the alleged perjury of a witness on a contested issue, which the opposing party had the opportunity to refute, is intrinsic fraud." *Montgomery v. Kennedy*, 669 S.W.2d 309, 313 (Tex. 1984).

Even if a party presents evidence of extrinsic fraud, the bill of review limitations period is not suspended indefinitely. *PNS Stores*, 379 S.W.3d at 277 n.16 (citing *Defee v. Defee*, 966 S.W.2d 719, 722 (Tex. App.—San Antonio 1998, no pet.)). Limitations begins to run once "the petitioner discovered, or in exercise of due care, ought to have discovered the fraud." *Defee*, 966 S.W.2d at 722.

The judgment in this case was rendered on March 8, 2013. The four-year bill of review limitations period expired on March 8, 2017. Speirs filed his first Petition for Motion on September 13, 2017, over six months late. He filed the second Petition for Motion on April 9, 2018, over a year late. Speirs contends, however, that the limitations period was tolled.

Speirs first asserts that Union Pacific presented perjured testimony at the original trial. This is an allegation of intrinsic fraud, which does not toll the four-year bill of review limitations period. *See PNS Stores*, 379 S.W.3d at 275 n.14; *Montgomery*, 669 S.W.2d at 313.

Speirs next asserts that Union Pacific concealed a training video, which he obtained from a third party on January 18, 2016. But Speirs's own motions state that Union Pacific disclosed the existence of this video as early as September 2012. Union Pacific informed Speirs that it was in the process of obtaining the video and would then produce it in discovery. The record does not

disclose whether it was eventually produced or, if it was not, the reason it was not produced. There is no evidentiary support for the implication that Union Pacific concealed this video by fraud. But, even if there were, Speirs would have been aware well before the original judgment was signed in 2013 if the video had not been produced. Any purported concealment of that video had no tolling effect on the bill of review limitations period.[2] *See Defee*, 966 S.W.2d at 722 (limitations begins to run when petitioner should have discovered fraud).

Finally, Speirs refers to an inspection of Union Pacific conducted by the Occupational Safety and Health Administration (OSHA) that allegedly found "serious violations" existing in August 2013. That inspection, which occurred over four years after Speirs's injury and five months after judgment was entered, has no bearing on the limitations issue.

Speirs's Petitions for Motion, if considered to be petitions for bill of review, were not timely filed. The trial court thus properly dismissed them.

<u>Union Pacific's request for sanctions</u>

Union Pacific requests that this court impose sanctions for filing a frivolous appeal. *See* TEX. R. APP. P. 45. "Whether to grant sanctions for a frivolous appeal is a matter of discretion that this court exercises with prudence and caution and only after careful deliberation in truly egregious circumstances." *Gard v. Bandera Cnty. Appraisal Dist.*, 293 S.W.3d 613, 619 (Tex. App.—San Antonio 2009, no pet.). While Speirs's appeal is without merit, we are not inclined to impose sanctions.

In any event, Union Pacific has not properly supported its request for sanctions. "Typically, the courts have awarded the amount of attorney's fees incurred by the appellee as proven by

---

[2] Indeed, given that Speirs was aware of the video before the judgment was signed, he could have asserted the matter in a timely appeal from that judgment. Having chosen not to file an appeal, he cannot now raise the issue by bill of review. *See Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 927 (Tex. 1999) ("If legal remedies were available but ignored, relief by equitable bill of review is unavailable.").

testimony or affidavit." *In re M.O.*, No. 04-02-00326-CV, 2003 WL 21653865, at *5 (Tex. App.—San Antonio July 16, 2003, pet. denied) (mem. op.). Union Pacific did not provide this court any proof of reasonable and necessary attorney's fees incurred in defending this appeal. Its request for sanctions is waived. *See id.*

## Conclusion

Speirs's Petitions for Motion were not timely filed, regardless of whether they are treated as motions for new trial or petitions for bill of review. The order of the trial court dismissing them is affirmed. Union Pacific's request for sanctions is denied.

Irene Rios, Justice