**Karen Ann GOLD, Appellant,**

v.

**Richard Stephens GOLD, Jr. and Richard Stephens Gold, Sr., Appellees.**

No. 05–02–01254–CV.

Court of Appeals of Texas, Dallas.

July 3, 2003.

Rehearing Overruled Aug. 19, 2003.

Kent Frank Brooks, Dallas, for Appellant.

Howard C. Rubin, Kessler & Collins; Alan M. Glassman, Attorney At Law, Dallas, for Appellees.

Before Justices MORRIS, WHITTINGTON, and FRANCIS.

## OPINION

Opinion By Justice MORRIS.

In this case, appellant Karen Gold appeals the trial court's final judgment denying a bill of review that sought to set aside an order of dismissal for want of prosecution. For the reasons stated below, we affirm the trial court's judgment.

### I.

Appellant was divorced from Richard Gold, Jr. in 1984. In February 2000, appellant filed a petition for enforcement against her ex-husband and his father, Richard Gold, Sr., alleging Gold, Jr. had fraudulently transferred community assets to Gold, Sr. before the divorce in violation of a settlement agreement incident to the divorce. In her petition, appellant sought an accounting of the marital property, a constructive trust over the property, and damages.

Appellees each filed answers in March 2000. The trial court dismissed the petition for want of prosecution on August 10, 2000. The record contains copies of two undated postcards, one addressed to Gold, Jr.'s attorney and one addressed to Gold,

Sr.'s attorney, advising that the trial court would dismiss the case for want of prosecution under Texas rule of civil procedure 165a unless there was good cause to maintain the case on the docket. The postcards set a dismissal hearing for August 10, 2000 at 9:00 a.m. The record does not contain a similar postcard addressed to appellant's attorney. It is undisputed that appellant's attorney did not receive notice of the dismissal hearing, did not appear at the hearing, did not receive a copy of the order of dismissal, and did not file a motion to reinstate or for new trial before the time expired to do so.

Appellant learned of the dismissal in late January 2001 and informed her attorney. On February 8, 2001, appellant filed a bill of review, asking the trial court to set aside the order of dismissal for want of prosecution. After a non-jury trial, the trial court denied the bill of review. The trial court later filed findings of fact and conclusions of law. In seven issues, appellant appeals the trial court's judgment, generally claiming the trial court abused its discretion in denying her bill of review and contending some of the trial court's findings of fact are not supported by sufficient evidence.

## II.

■■■ A bill of review is an independent equitable action to set aside a judgment that is no longer appealable or subject to challenge by a motion for new trial. *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 926–27 (Tex.1999) (per curiam). Germane to this case, bill of review relief is available only if a party has exercised due diligence in pursuing all adequate legal remedies against a former judgment. *Id.* at 927. If a legal remedy was available but ignored, a bill of review is unavailable. *Id.*

■■■ We review the grant or denial of a bill of review under an abuse of discre-

tion standard. *Nguyen v. Intertex, Inc.*, 93 S.W.3d 288, 293 (Tex.App.-Houston [14th Dist.] 2002, no pet.). A trial court abuses its discretion only if it acts in an unreasonable or arbitrary manner or without reference to any guiding rules or principles. *Id.* A trial court's findings of fact have the same force and effect as a jury's verdict on special issues. *Sears Roebuck & Co. v. Dallas Cent. Appraisal Dist.*, 53 S.W.3d 382, 386 (Tex.App.-Dallas 2000, pet. denied). We review the trial court's fact findings under the same standards that are applied in reviewing evidence supporting a jury's answers. *Id.* In effect, we review the trial court's fact findings to determine if they are supported by legally and factually sufficient evidence.

■■■ In reviewing a legal sufficiency issue, we consider only the evidence and inferences that support the challenged finding. *Id.* We disregard all contrary evidence and inferences. *Id.* We will uphold the trial court's finding if there is more than a scintilla of evidence to support it. *Id.* In reviewing a factual sufficiency issue, we consider all of the evidence. We set aside a finding only if the evidence is so weak or the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and manifestly unjust. *Id.*

■■■ We review challenges to the trial court's conclusions of law as a matter of law, not on sufficiency of the evidence grounds. *Boyd v. Diversified Fin. Sys.*, 1 S.W.3d 888, 890 (Tex.App.-Dallas 1999, no pet.). When a party attacks conclusions of law on appeal, we independently evaluate those conclusions, according limited deference to the trial court's application of the law to facts. *Id.* at 890–91. The trial court abuses its discretion when it fails to analyze or apply the law correctly. *Id.* at 891. With these standards in mind, we

turn to appellant's claims, beginning with the seventh issue.

■ In her seventh issue, appellant contends the trial court abused its discretion by concluding there were adequate legal remedies available to her when she filed the bill of review. In findings of fact numbers eight and nine, the trial court stated appellant discovered the dismissal herself in January 2001 and filed her bill of review on February 2, 2001, before the time for filing a restricted appeal had expired. Appellant does not challenge these findings. In conclusion of law number four, the trial court determined there were adequate legal remedies still available to appellant at the time she filed the bill of review. Appellant admits the six-month deadline for filing a restricted appeal under Texas rule of appellate procedure 26.1(c) had not expired when she filed her bill of review. She argues, however, that a restricted appeal was not an adequate legal remedy because she could not prove there was error on the face of the record, a necessary element of proof for a restricted appeal.

A direct attack on a judgment by restricted appeal must (1) be brought within six months after the trial court signs the judgment, (2) by a party to the suit, (3) who did not participate in the "actual trial," and (4) the error complained of must be apparent from the face of the record. *See* TEX.R.APP. P. 30; *Brown v. Brookshires Grocery Store,* 10 S.W.3d 351, 353 (Tex.App.-Dallas 1999, pet. denied). There is no dispute that appellant satisfies the first three of these elements. Appellant argues that because the record does not affirmatively establish her lack of notice of the dismissal hearing, no error is "apparent from the face of the record" and a restricted appeal was therefore unavailable to her. She suggests that the record must affirmatively show lack of notice to

overcome a presumption that the trial court only acts when proper notice has been given to parties. In response, appellees contend the fact that the record contains two postcards notifying counsel of the dismissal hearing, one addressed to Gold, Jr.'s attorney and one addressed to Gold, Sr.'s attorney, but no postcard addressed to appellant's attorney, indicates that the trial court did not send notice of the hearing to appellant's attorney. They contend this error is "apparent" on the face of the record.

■ Appellant misstates the applicable standard of review for a restricted appeal. *See Brown,* 10 S.W.3d at 354. Error on the face of the record need not be "affirmatively established," as appellant contends; it need only be "apparent." *See id.* Having examined the record under this standard, we conclude the error, the court's failure to send notice of the dismissal hearing under rule 165a, was apparent on the face of the record. Although the trial court did not have a duty to ensure the record contained evidence of notice to the parties, the court did so. *See Gen. Elec. Co. v. Falcon Ridge Apartments,* 811 S.W.2d 942, 943 (Tex.1991). The record before us is not silent on the issue of notice. The two postcards to appellees' attorneys, coupled with the lack of a similar postcard to appellant's attorney, together indicate that the trial court did not send the required notice to appellant's attorney. In addition, the parties agree that appellant's attorney did not receive notice of the dismissal hearing. Because there was error apparent on the face of the record, appellant could have filed a restricted appeal before the deadline. The trial court did not abuse its discretion in concluding an adequate legal remedy was available to appellant, and consequently, she was not entitled to relief by bill of

review. We resolve appellant's seventh issue against her.

 In her remaining issues, appellant challenges other specific fact findings and legal conclusions made by the trial court. Our resolution of the seventh issue makes it unnecessary for us to consider these remaining issues. We note, however, that even if there was no error apparent on the face of the record, thus making a restricted appeal an inadequate legal remedy for appellant, sufficient evidence supported the trial court's findings and conclusions that she failed to exercise due diligence. As noted above, bill of review relief is available only if a party has exercised due diligence in pursuing all available legal remedies against a former judgment. *Thompson v. Henderson*, 45 S.W.3d 283, 287–88 (Tex.App.-Dallas 2001, pet. denied) (citing *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 927 (Tex.1999) (per curiam)). Due diligence is a requirement even if the party challenging the adverse order or judgment establishes lack of notice of the judgment, as appellant did here. *See Caldwell v. Barnes*, 975 S.W.2d 535, 537–38 (Tex.1998).

The record contains evidence of appellant's lack of diligence in pursuing legal remedies against the dismissal order. Approximately five weeks after the trial court signed the dismissal order, appellant's counsel received Gold, Sr.'s objections to interrogatories, one of which stated "there is no suit pending against him to which these interrogatories can apply." Appellant's counsel did not inquire about the meaning of that objection. Additionally, in the six-month period between the August 2000 dismissal and the February 2001 bill of review, appellant did not serve discovery, take a deposition, file any pleadings in court, request a trial setting, call the court to check the case's status or otherwise communicate to the court, with the exception of filing a vacation letter. This evidence is sufficient to uphold the trial court's determination of lack of diligence. *See Echols v. Olivarez*, 85 S.W.3d 475, 477 (Tex.App.-Austin 2002, no pet.) (no abuse of discretion occurs as long as some evidence of a substantive and probative character exists to support a trial court's decision). The trial court did not abuse its discretion by ruling appellant failed to establish due diligence in discovering the adverse order and availing herself of adequate legal remedies.

We affirm the trial court's judgment.