OPINION
 

 Opinion by
 

 Justice RODRIGUEZ.
 

 Appellants, Darrell Manley, Sr. (Manley, Sr.), Frances Carolyn Manley (Frances Manley), and Darrell Manley, Jr. (Manley, Jr.), bring this appeal following the trial court’s final judgment in favor of appellee, Ophelia Parsons. By six issues, appellants generally contend the trial court erred in: (1-3) signing appellee’s interlocutory order granting appellee’s bill of review; and (4-6) granting appellee’s summary judgments against appellants. We reverse and render.
 

 I. Facts
 

 In 1983 Manley, Sr. and appellee started a business relationship which soon evolved into a romantic relationship. At the time of their relationship, Manley, Sr. was married to Frances Manley.
 

 In 1984 Manley, Sr. started having financial problems. In October 1984 Manley, Sr. transferred ownership of approximately 8.6 acres of real property (the property) in Cameron County, Texas to appellee. Appellee and appellants disagree on the terms of the transfer; i.e., whether appellee was to keep the property, or whether Manley, Sr. would receive the property back after he resolved his financial problems.
 

 
 *337
 
 In November 1984 Manley, Sr. filed for divorce from Frances Manley. In January 1985 a final divorce decree was entered awarding Frances Manley an undivided one-half interest in the property. On June 5, 1985, Frances Manley filed suit against appellee to quiet title on the property. Frances Manley and her attorney failed to locate appellee and requested service by publication. Appellee failed to enter an appearance. On April 8, 1986, a default judgment was entered against appellee vesting Frances Manley with an undivided one-half interest in the property.
 

 In February 1999 Frances Manley transferred her one-half interest to Manley, Sr. Manley, Sr. then deeded the property to his son, Manley, Jr. In January 2000 appellee filed a second amended original petition for a bill of review seeking to overturn the 1986 default judgment. Manley, Sr. and Frances Manley answered the bill of review, and Manley, Jr. intervened in the suit. In May 2000 the trial court granted appellee’s bill of review and vacated and declared void the default judgment entered against appellee in 1986. On August 8, 2000, the trial court granted appellants’ motion for new trial.
 

 On October 3, 2000, appellee filed motions for partial summary judgment against Manley, Sr. and Manley, Jr., and a first amended motion for summary judgment against Frances Manley. On October 24, 2000, appellee filed a motion for entry of interlocutory order on appellee’s bill of review. In November 2000 the trial court signed an interlocutory order granting appellee’s bill of review. In May 2001 the trial court granted all of appellees’ motions for summary judgment. On July 25, 2001, the trial court signed a final judgment disposing of all the issues. In the judgment, the trial court noted the reason for granting appellee’s bill of review was because appellee was denied due process at the time the default judgment was signed in 1986. This appeal ensued.
 

 II. Bill op Review
 

 By their second and third issues, appellants contend the trial court erred in finding that appellee’s due process rights were violated and that she was, thus, entitled to bill of review relief. Specifically, appellants contend the trial court erred in concluding: (1) that service by publication violated appellee’s due process rights; and (2) that failure to appoint an attorney ad litem violated appellee’s due process rights.
 

 A. Standard of Review
 

 A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal.
 
 See Wembley Inv. Co. v. Herrera,
 
 11 S.W.3d 924, 927 (Tex.1999);
 
 Caldwell v. Barnes,
 
 975 S.W.2d 535, 537 (Tex.1998). Traditionally, to successfully challenge a judgment by bill of review, the petitioner must allege: (1) a meritorious defense to the cause of action supporting the judgment; (2) which she was prevented from making by the fraud, accident, or wrongful act of the opposing party; (3) unmixed with any fault or negligence of her own.
 
 Caldwell,
 
 975 S.W.2d at 537;
 
 Mowbray v. Avery,
 
 76 S.W.3d 663, 682 (Tex.App.-Corpus Christi 2002, pet. denied).
 

 We review the granting or denial of a bill of review under an abuse of discretion standard.
 
 [2]
 

 Gold v. Gold,
 
 111 S.W.3d
 
 *338
 
 799, 802, 2003 WL 21512635, at *1, 2003 Tex.App. LEXIS 5727, at *3 (Dallas July 3, 2003, no pet. h.);
 
 Nguyen v. Intertex, Inc.,
 
 93 S.W.3d 288, 293 (Tex.App.-Houston [14th Dist.] 2002, no pet.);
 
 Interaction, Inc. v. State,
 
 17 S.W.3d 775, 778 (Tex.App.Austin 2000, pet. denied).
 

 B. Statute of Limitations
 

 A petition for bill of review must be filed within four years of the date of the disputed judgment.
 
 See
 
 Tex. Civ. Prac. & Rem.Code Ann. § 16.051 (Vernon 1997);
 
 Caldwell,
 
 975 S.W.2d at 538. The only exception to the four-year limitation is when the petitioner proves extrinsic fraud.
 
 Defee v. Defee,
 
 966 S.W.2d 719, 722 (Tex.App.-San Antonio 1998, no pet.);
 
 Law v. Law,
 
 792 S.W.2d 150, 153 (Tex.App.-Houston [1st Dist.] 1990, writ denied).
 

 C. Publication
 

 In her bill of review and motion for an interlocutory order granting appellee’s bill of review, appellee alleged she was denied due process because appellants committed extrinsic fraud in failing to use due diligence to locate appellee prior to serving her by publication.
 

 Extrinsic fraud is fraud that denied a party the opportunity to fully litigate at trial all the rights or defenses that the party was entitled to assert.
 
 Tice v. City of Pasadena,
 
 767 S.W.2d 700, 702 (Tex.1989);
 
 Chapman v. King Ranch, Inc.,
 
 41 S.W.3d 693, 700 (Tex.App.-Corpus Christi 2001, pet. granted). “Extrinsic fraud is ‘collateral’ fraud in the sense that it must be collateral to the matter actually tried and not something which was actually or potentially in issue in the trial.”
 
 Chapman,
 
 41 S.W.3d at 700-01 (quoting
 
 Montgomery v. Kennedy,
 
 669 S.W.2d 309, 312 (Tex.1984)).
 

 For proper service by publication, a party must comply with Rule 109 of the Texas Rules of Civil Procedure.
 
 Wood v. Brown,
 
 819 S.W.2d 799, 800 (Tex.1991). Rule 109 provides, in part,
 

 When a party to a suit, his agent or attorney, shall make an oath that the residence of any party defendant is unknown to affiant, and to such party when the affidavit is made by his agent or attorney ... and that after due diligence such party and the affiant have been unable to locate the whereabouts of such defendant ... the clerk shall issue citation for such defendant for service by publication. In such cases it shall be the duty of the court trying the case to inquire into the sufficiency of the diligence exercised in attempting to ascertain the residence or whereabouts of the defendant ... before granting any judgment on such service.
 

 Tex.R. Civ. P. 109. Thus, before service by publication is proper, a party, or their attorney, must file an affidavit with the clerk stating that after due diligence, the whereabouts of the defendant remain unknown.
 
 See id.
 
 Before a judgment is granted in a ease where the defendant is served by publication, the court must determine the sufficiency of diligence used to locate the defendant.
 
 See id.
 

 In the underlying suit, Frances Manley filed an original petition on June 5, 1985 alleging appellee committed fraud on her community rights and interests. The petition also included a request for service by publication. Attached to the petition was
 
 *339
 
 an affidavit by Frances Manley’s attorney, S. Gary Werley. In the affidavit, Werley stated, in part:
 

 [T]he address of the Defendant [appel-lee] is unknown to the affiant and to the Plaintiff in the above-styled cause. A search has been made for the Defendant including the hiring of a private detective in San Antonio, Texas, the city in which the Plaintiff had any knowledge that the Defendant resided. The Plaintiff had one address in order to contact the Defendant. The Plaintiff contacted the residents of that address and they have stated that they do not have any knowledge of the whereabouts nor do they know of ... [appellee]. The residence of ... [appellee] is unknown.
 

 In both her motion for bill of review and motion for an interlocutory order granting appellee’s bill of review, appellee contended that the requirement of due diligence was not satisfied because appellee’s address was known by the parties, or at the very least, should have been known.
 
 See Matter of Marriage of Peace,
 
 631 S.W.2d 790, 794 (Tex.App.-Amarillo 1982, no writ.) (“[N]otice by publication is not enough with respect to a person whose name and address are known or very easily ascertainable ....”) (quoting
 
 Schroeder v. New York,
 
 871 U.S. 208, 212-18, 83 S.Ct. 279, 9 L.Ed.2d 255 (1962)). Thus, appellee contends, the evidence shows appellants committed extrinsic fraud by not locating ap-pellee for service by means other than publication.
 
 See Morris v. Morris,
 
 759 S.W.2d 707, 709 (Tex.App.-San Antonio 1988, writ denied) (extrinsic fraud established if appellee was aware of whereabouts of appellant and due diligence would have resulted in personal notification). Appellee included numerous exhibits containing appellee’s known addresses. These included receipts, billing statements, and correspondence from various governmental entities. Appellee contends that because these governmental entities had access to her address, appellants should have been able to discover it.
 

 Although these exhibits establish that appellee had two different addresses from November 21,1984 through March 3,1986, for various reasons they do not establish that appellants failed to use due diligence in their search of appellee. First, other than the first exhibit with a date of November 21, 1984, the exhibits establish different addresses subsequent to the time Frances Manley filed her original petition with Worley’s affidavit. The exhibits do not establish a known address at the time the suit was filed. Second, the exhibits do not establish whether or not the address mentioned in Worley’s affidavit is the same as any of the two listed in the exhibits. Werley stated in his affidavit that Frances Manley had one address for appellee and made contact with appellee’s known address to no avail. It is not clear if the address mentioned in the exhibit with a date of November 21, 1984 is the same one that Frances Manley visited prior to filing the original petition. Appellee did not provide any controverting evidence that Werley or Frances Manley knew of appel-lee’s address at the time of the suit and failed to serve her, and they do not offer any controverting evidence that a private detective was not hired in a valid attempt to locate appellee. Thus, we find these exhibits do not establish that Frances Manley failed to use due diligence in her attempt to locate appellee. Appellee was not denied due process as the requirements for proper service by publication were followed.
 
 See
 
 Tex.R. Civ. P. 109;
 
 see also Peralta v. Heights Med. Ctr., Inc.,
 
 485 U.S. 80, 86, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988);
 
 Caldwell,
 
 975 S.W.2d at 537.
 

 Because Werley’s affidavit satisfied the requirements of Rule 109 of the rules of civil procedure and due diligence was
 
 *340
 
 properly exercised, appellee is barred by the statute of limitations in bringing her bill of review.
 
 See Defee,
 
 966 S.W.2d at 722;
 
 Law,
 
 792 S.W.2d at 153;
 
 see also Morris,
 
 759 S.W.2d at 709. We find the trial court abused its discretion in signing appellee’s interlocutory order granting ap-pellee’s motion for bill of review.
 
 Gold,
 
 111 S.W.3d at 802, 2003 WL 21512635, at *1, 2003 Tex.App. LEXIS 5727, at *3;
 
 Intertex, Inc.,
 
 93 S.W.3d at 293. Appellants’ second issue is sustained.
 

 D. Attorney Ad Litem
 

 In both her motion for bill of review and motion for an interlocutory order granting appellee’s bill of review, ap-pellee also alleged the trial court violated her due process rights by failing to appoint an attorney ad litem once service by publication was made. However, because extrinsic fraud is the only exception to the statute of limitations, and appellee neither alleged, nor subsequently proved, that the failure to appoint an attorney ad litem was extrinsic fraud, we find the statute of limitations bars her from bringing a bill of review on such grounds.
 
 Defee,
 
 966 S.W.2d at 722;
 
 Law,
 
 792 S.W.2d at 153. Thus, the trial court abused its discretion in signing appellee’s interlocutory order granting appellee’s motion for bill of review on the attorney ad litem issue.
 
 See Gold,
 
 111 S.W.3d at 802, 2003 WL 21512635, at *1, 2003 Tex.App. LEXIS 5727, at *3;
 
 Intertex, Inc.,
 
 93 S.W.3d at 293. Appellants’ third issue is sustained.
 
 [3]
 

 III. Conclusion
 

 Accordingly, we reverse the final judgment of the trial court and render judgment denying appellee’s motion for bill of review.
 

 [2]
 

 . When the inquiry on the bill of review concerns questions of law, such as whether appellant presented prima facie proof of a meritorious defense, we review the trial court’s decision de novo. See
 
 Mosley v. Dallas County Child Prot. Servs.,
 
 110 S.W.3d 658, 66
 
 *338
 
 (Tex.App.-Dallas 2003, no pet. h.);
 
 Jones v. Tex. Dep’t of Trot. & Regulatory Servs.,
 
 85 S.W.3d 483, 490 (Tex.App.-Austin 2002, no pet. h.);
 
 see also Nichols v. Jack Eckerd Corp.,
 
 908 S.W.2d 5, 7-8 (Tex.App.-Houston [1st Dist.] 1995, no writ). However, we are not reviewing questions of law in this instance.
 

 [3]
 

 . Because of our disposition of appellants’ second and third issues, we need not address appellants’ remaining issues.
 
 See
 
 Tex.R.App. P. 47.1.