NUMBER 13-02-608-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
                                                                                                                      

ELEANORE LAYTON,                                                                 Appellant,

v.

NATIONSBANC MORTGAGE 
CORPORATION,                                                                         Appellee.
                                                                                                                                      

On appeal from the 28th District Court of Nueces County, Texas.
                                                                                                                      

O P I N I O N

Before Chief Justice Valdez and Justices Rodriguez and Garza
Opinion by Justice Garza
 
            Appellant, Eleanore Layton, appeals from the trial court’s decision to grant a bill of
review to appellee, Nationsbanc Mortgage Corporation, and to set aside a default judgment
granted in favor of Layton over four years earlier. Because Nationsbanc failed to show
extrinsic fraud in the procurement of the default judgment, we reverse and reinstate the
prior judgment.
Background Information
          On January 22, 1998, Layton filed an action alleging the wrongful charging of
escrow fees by Nationsbanc. Nationsbanc did not file an answer or appear, and a default
judgment was awarded for Layton in the amount of $28,000. See Tex. R. Civ. P. 239. 
More than four years after entry of the default judgment, counsel for Layton contacted
Nationsbanc in reference to the judgment, apparently seeking to collect the judgment for
his client. 
          Nationsbanc then filed a petition requesting a bill of review. After a bench trial, the
trial court entered judgment in favor of Nationsbanc and ordered the earlier default
judgment to be set aside as void. The trial court also issued a permanent injunction
enjoining Layton from attempting to execute and enforce the default judgment, thus
rendering a final judgment. See Kessler v. Kessler, 693 S.W.2d 522, 526 (Tex.
App.–Corpus Christi 1985, writ ref’d n.r.e.) (“A bill of review proceeding based on extrinsic
fraud . . . [contemplates] the rendition of a judgment which fairly and finally disposes of all
issues raised in the original trial and in the bill of review itself.”). Findings of fact and
conclusions of law were requested by Layton and entered by the trial court. Layton now
appeals the decision of the trial court on two issues, only one of which we address.



Bill of Review
          By her first issue on appeal, Layton complains that the trial court erred in granting
Nationsbanc a bill of review in the absence of a showing of extrinsic fraud with respect to
the default judgment. 
          A bill of review is an equitable proceeding brought by a party seeking to set aside
a prior judgment that is no longer subject to challenge by a motion for new trial or appeal. 
See Wembley Inv. Co. v. Herrera, 11 S.W.3d 924, 926-27 (Tex. 1999); Manley v. Parsons,
112 S.W.3d 335, 337 (Tex. App.–Corpus Christi 2003, pet. denied). Typically a party
attempting to challenge a judgment through a bill of review must allege within four years
of that judgment: (1) a meritorious defense to the cause of action supporting the judgment;
(2) which she was prevented from making by the fraud, accident, or wrongful act of the
opposing party; (3) unmixed with any fault or negligence of her own. Caldwell v. Barnes,
975 S.W.2d 535, 537 (Tex. 1998); Manley, 112 S.W.3d at 337. In reviewing the grant or
denial of a bill of review, we indulge every presumption in favor of the trial court’s ruling and
will not disturb that ruling unless the trial court abused its discretion. Narvaez v.
Maldonado, 127 S.W.3d 313, 319 (Tex. App.–Austin 2004, no pet. h.); Manley, 112
S.W.3d at 337. A trial court abuses its discretion if it acts in an unreasonable or arbitrary
manner, or without reference to guiding rules and principles. Narvaez, 127 S.W.3d at 319
(citing Beaumont Bank, N.A. v. Buller, 806 S.W.32d 223, 226 (Tex. 1991)). 
          At the trial court level, the burden on the party requesting a bill of review is heavy
because it is fundamentally important that judgments be accorded some finality. Alexander
v. Hagedorn, 226 S.W.2d 996, 998 (Tex. 1950). Therefore, bills of review requesting relief
from an otherwise final judgment are scrutinized by the courts “with extreme jealousy, and
the grounds on which interference will be allowed are narrow and restricted.” Id.; see
Palomin v. Zarsky Lumber Co., 26 S.W.3d 690, 693 (Tex. App.–Corpus Christi 2000, pet.
denied). 
          A petition for bill of review must be filed within four years of the date of the disputed
judgment. See Tex. Civ. Prac. & Rem. Code Ann. § 16.051 (Vernon 1997). The only
exception to the four-year limitation is when the petitioner proves extrinsic fraud. Manley,
112 S.W.3d at 338. Extrinsic fraud is fraud that denies a party the opportunity to fully
litigate at trial all the rights or defenses that the party was entitled to assert. King Ranch,
Inc. v. Chapman, 118 S.W.3d 742, 752 (Tex. 2003); Tice v. City of Pasadena, 767 S.W.2d
700, 702 (Tex. 1989). It is fraud that occurs in the procurement of a judgment. Lambert
v. Coachmen Indus. of Tex., Inc., 761 S.W.2d 82, 87 (Tex. App.–Houston [14th Dist.] 1988,
writ denied). The Texas Supreme Court described extrinsic fraud as occurring when a
party “has been misled by his adversary by fraud or deception, did not know of the suit, or
was betrayed by his attorney.” Alexander, 226 S.W.2d at 1001. The element of purposeful
fraud is important in establishing extrinsic fraud. See id. at 1001-02 (citing U.S. v.
Throckmorton, 98 U.S. 61 (1878), describing extrinsic fraud as deception by a party to
keep other party away from court, false promises to compromise, or keeping defendant in
ignorance). Fraudulent failure to serve a defendant with personal service, in order to
obtain a judgment against him without actual notice to him, has been held to be extrinsic
fraud. Lambert, 761 S.W.2d at 87 (citing Forney v. Jorrie, 511 S.W.2d 379, 384-85 (Tex.
Civ. App.–San Antonio 1974, writ ref’d n.r.e.)).
          We have, however, neither found nor been directed to any case in which improper
service of process alone, where the defendant had actual notice of the suit, without an
additional showing of actual fraud, has sufficed to overturn a default judgment after the
four-year statute of limitations has run. In fact, the court of appeals in Houston has held
to the contrary, noting that a defendant who was improperly served but did have actual
notice of the judgment against him could not argue in a post-limitations bill of review that
defective service alone makes a default judgment void. See Dispensa v. Univ. State Bank,
987 S.W.2d 923, 926-28 (Tex. App.–Houston [14th Dist.] 1999, no pet.). 
          Nationsbanc alleges that the default judgment was void because Layton failed to
strictly comply with the rules of procedure governing citation issuance and service of
process. It is apparent from the record, however, that CT Corporation, Nationsbanc’s
registered agent for service of process in Texas, was duly served. Nationsbanc asserts
that this service was improper because the citation incorrectly spelled Nationsbanc as
“Nationsbank” and because the return of service form filled out by the process server did
not indicate that a copy of the petition had been served with the citation as required. See
Tex. R. Civ. P. 99(a). However, this Court has previously held that “a misnomer of a
defendant does not render a judgment based on personal service, even one by default,
void, provided the intention to sue the defendants actually served with citation is so evident
from the pleadings and process that the defendant could not have been misled.” Baker
v. Charles, 746 S.W.2d 854, 855 (Tex. App.–Corpus Christi 1988, no writ). Furthermore,
the record includes multiple letters from the senior vice president and senior counsel of
Nationsbanc, on official letterhead identifying the company in bold print as “Nationsbank,”
specifically referring to Layton’s complaint and indicating actual notice by the defendant. 
The first such letter states, “I am in receipt of a copy of Plaintiff’s Original Petition,” and
concludes, “please contact me so we may discuss the allegations in the Petition.” 
Nationsbanc was clearly aware of Layton’s complaint, was not misled by the alleged
misnomer, and was in fact in possession of her petition. The errors in service did not
prevent Nationsbanc from appearing in court to defend itself or deny it the right to fully
litigate its rights or defenses in the matter. See Dispensa, 987 S.W.2d at 928 (“Even
though Dispensa was not served, he did receive notice of the judgment. . . . Thus,
Dispensa’s current predicament is not a direct result of lack of notice of the suit but a result
of his own inaction. This means the judgment is not void.”). 
          Nationsbanc also argues that, in addition to the errors in the service of process,
Layton committed extrinsic fraud by deliberately filing a false certificate of last known
address following entry of the default judgment. However, Nationsbanc has failed to
demonstrate why an address included in the court record as one it had previously provided
to Layton for the receipt of payments would be a fraudulent address for the purposes of
receiving notices of judgment. We also note that rule 239a, which governs such
certifications, was designed primarily as an administrative convenience, and failure to
comply with the rule does not affect the finality of the judgment. See Tex. R. Civ. P. 239a;
John v. State, 826 S.W.2d 138, 140 (Tex. 1992); Long v. McDermott, 813 S.W.2d 622, 624
(Tex. App.–Houston [1st Dist.] 1991, no writ); Grayson Fire Extinguisher Co. v. Jackson,
566 S.W.2d 321, 322 (Tex. Civ. App.–Dallas 1978, writ ref’d n.r.e.). We conclude
Nationsbanc has failed to demonstrate any evidence of extrinsic fraud by Layton in the
filing of the certificate of last known address.
          The evidence in the record clearly demonstrates that Nationsbanc had actual notice
of Layton’s suit and that it made no attempt to act on its rights until Layton’s attorney
contacted it more than four years after entry of the default judgment. Furthermore,
Nationsbanc failed to provide evidence demonstrating that the errors in service were
fraudulent and were intended by Layton to keep Nationsbanc away from court or render
it unable to defend itself. Thus, Nationsbanc has failed to show extrinsic fraud in the
procurement of the default judgment. See Dispensa, 987 S.W.2d at 928. Given the lack
of evidence of fraud underlying the default judgment and the trial court’s extremely limited
discretion to grant bills of review overturning default judgments, we conclude that the trial
court abused its discretion in granting Nationsbanc’s bill of review without a showing of
extrinsic fraud. Accordingly, we reverse the judgment of the trial court granting the bill of
review and permanent injunction and reinstate the prior judgment.  
                                            
                                                                                      DORI CONTRERAS GARZA,
                                                                                      Justice
 
 
Opinion delivered and filed  
this the 15th day of July, 2004.