

# NUMBER 13-18-00061-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

DOLORES QUIROGA AND
LA PALANCA, LLC D/B/A
DICKEY'S BARBEQUE PIT,                                          Appellants,

**v.**

EL PISTOLON II, LTD,                                             Appellee.

## On appeal from the 93rd District Court
## of Hidalgo County, Texas.

## MEMORANDUM OPINION

### Before Justices Benavides, Hinojosa, and Perkes
### Memorandum Opinion by Justice Perkes

Appellee El Pistolon II, Ltd. obtained a default judgment on its breach of contract claims against appellants Dolores Quiroga and La Palanca, LLC d/b/a Dickey's Barbeque Pit (Dickey's). The trial court denied appellants' bill of review. On appeal, Dickey's

contends that service was defective because it was not served at the address designated for its registered agent. Both appellants contend that the trial court erred by applying the wrong evidentiary standard to the bill of review. We affirm.

## I. BACKGROUND

On January 17, 2012, appellee filed a lawsuit against appellants to recover damages for breach of a commercial lease agreement. Dolores Quiroga allegedly signed the lease agreement as the authorized agent of Dickey's and as personal guarantor. The next day, the Hidalgo County District Clerk issued a citation to be served on Dolores Quiroga at 1711 Lauren Lane, Mission, Texas 78572.

On February 14, 2012, the trial court granted appellee's motion for substituted service of process. The trial court ordered that service be had on:

> Defendant DOLORES QUIROGA by leaving a true copy of the citation and the attached Petition by attaching said citation and petition on the front door of Dolores Quiroga's usual place of abode at 2903 Santa Olivia, Mission, Texas 78572-7602 and by any other manner that will be reasonably effective to give the Defendant notice of suit; and

> Defendant LA PALANCA, LLC D/B/A DICKEY'S BARBECUE by leaving a true copy of the citation and the attached petition by attaching said citation and petition on the front door of La Palanca's registered agent, Dolores Quiroga's usual place of abode at 2903 Santa Olivia, Mission, Texas 78572-7602.

An officer's return was filed several days later stating that Dolores Quiroga was served "in person" at the Santa Olivia address.

Approximately fourteen months later, on April 5, 2013, the trial court granted appellee's motion for default judgment. Since the damages were unliquidated, the court considered evidence on damages and awarded appellee the sum of $432,819.13.

2

On October 17, 2016, appellants filed their petition for bill of review, which was assigned to the same trial court that granted the default judgment, but under a new cause number. Appellants acknowledged that service of process was executed in compliance with the order for substituted service but contended that: (1) neither party received notice of the lawsuit; (2) each had a meritorious defense because appellee mitigated its damages *after* the judgment; and (3) appellee knew of but failed to serve the parties at their correct addresses.

More specifically, Dickey's acknowledged that Dolores Quiroga was its registered agent but asserted that the correct address for such purposes was 1711 Lauren Lane, Mission, Texas 78572, not her purported home address at 2903 Santa Olivia, Mission, Texas 78572-7602. Dolores Quiroga implicitly denied that the Santa Olivia address was her actual home address, alleging "[appellee] knew the whereabouts of [her] residence and or persons who knew her whereabouts but wholly failed to serve her."

Attached to appellants' petition were copies of the order granting substituted service, a citation addressed to Dolores Quiroga individually and the corresponding officer's return, and the default judgment. Also attached to the petition was an affidavit by Dolores Quiroga in which she attests that she "was never given a copy of the citation and petition [and that she] . . . found out about the lawsuit after judgment was taken."

An initial hearing was held on April 3, 2017. Without hearing any evidence, the trial court ordered the parties to mediation. After a final hearing on December 20, 2017, the trial court denied the bill of review, reciting in its order that it considered "the petition, the response, the evidence, and the arguments of counsel." This appeal ensued.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

A bill of review is an independent, equitable action to set aside a judgment that is no longer appealable or subject to a motion for new trial. *Caldwell v. Barnes (Caldwell II)*, 154 S.W.3d 93, 96 (Tex. 2004) (per curiam) (citing *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979)). "We review the granting or denial of a bill of review under an abuse of discretion standard." *Temple v. Archambo*, 161 S.W.3d 217, 224 (Tex. App.—Corpus Christi–Edinburg 2005, no pet.) (citing *Manley v. Parsons*, 112 S.W.3d 335, 338 (Tex. App.—Corpus Christi–Edinburg 2003, pet. denied)). A trial court abuses its discretion if its actions were arbitrary and unreasonable or if it acted without reference to any guiding rules or principles. *Id.* (citing *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex. 1985)). However, when the issue raised concerns a question of law, such as the legal sufficiency of the evidence, we review the trial court's decision de novo. *See id.* (citing *Goldsmith*, 582 S.W.2d at 409).

Generally, a party seeking a bill of review must allege and prove that (1) it had a meritorious defense to the underlying cause of action, (2) which it was prevented from making because of fraud, accident, or a wrongful act by the opposite party, (3) that was untainted by any fault or negligence of its own. *Caldwell II*, 154 S.W.3d at 96 (citing *Goldsmith*, 582 S.W.2d at 406–08). When a bill of review is based solely on a claim of non-service, however, the defendant is only required to prove the third element. *Id.* at 96–97. An individual who is not served with process cannot be at fault or negligent in allowing a default judgment to be rendered; therefore, the third element is conclusively established if the defendant proves non-service. *Id.* at 97 (citing *Caldwell v. Barnes*

4

*(Caldwell I)*, 975 S.W.2d 535, 537 (Tex. 1998)).

An officer's return is prima facie evidence of the facts of service, regardless of whether those facts are recited in a form or filled in by the officer. *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152–53 (Tex. 1994). "The recitations in the return of service carry so much weight that they cannot be rebutted by the uncorroborated proof of the moving party." *Id.* at 152 (citing *Ward v. Nava*, 488 S.W.2d 736, 738 (Tex. 1972)). Accordingly, "the testimony of a bill of review plaintiff alone, without corroborating evidence, is insufficient to overcome the presumption that the plaintiff was served." *Caldwell II*, 154 S.W.3d at 97 n.3.

## III. DISCUSSION

This matter presents a threshold issue concerning the adequacy of the appellate record. Dickey's contends that service was defective because it was not served at the address provided for its registered agent. But the citation and officer's return for Dickey's are not in the appellate record, nor is the motion for substituted service. Additionally, both appellants contend that the trial court applied the wrong evidentiary standard and failed to give due consideration to their testimony at the final hearing on December 20, 2017. Yet appellants have never requested a reporter's record of that evidentiary hearing (or any other hearing), even after appellee cited the absence of the reporter's record as a basis for denying appellants' appeal. Based on the record before us, appellants have failed to demonstrate reversible error. *See* TEX. R. APP. P. 44.1(a).

"If the proceeding's nature, the trial court's order, the party's briefs, or other indications show that an evidentiary hearing took place in open court, then a complaining

5

party must present a record of that hearing to establish harmful error." *Vernco Constr., Inc. v. Nelson*, 460 S.W.3d 145, 150 (Tex. 2015) (per curiam) (quoting *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 783 (Tex. 2005)); *see also* TEX. R. APP. P. 34.1 ("The appellate record consists of the clerk's record and, *if necessary to the appeal*, the reporter's record.") (emphasis added); *id.* R. 34.6(b)(1) ("At or before the time for perfecting the appeal, the appellant *must* request in writing that the official reporter prepare the reporter's record.") (emphasis added).

Unlike a restricted appeal, a bill of review allows the parties to develop evidence beyond the face of the record. *Gold v. Gold*, 145 S.W.3d 212, 214 (Tex. 2004) (per curiam). Indeed, because they alleged non-service, appellants were required to prove that the default judgment was untainted by any fault or negligence of their own by conclusively establishing non-service. *See Caldwell II*, 154 S.W.3d at 96–97. In their briefs to this Court, the parties agree that the trial court received evidence at the final hearing. Appellants complain that the trial court failed to give due consideration to "the uncontroverted *testimony* of Dolores Quiroga." (Emphases added). Appellee responds that, although not in the appellate record, the only evidence offered by appellants at the final hearing was the testimony of Dolores Quiroga, and her testimony alone was legally insufficient to carry appellants' burden. *See Primate Constr.*, 884 S.W.2d at 152; *Caldwell II*, 154 S.W.3d at 97 n.3. Finally, the trial court states in its order denying the bill of review that it considered "the petition, the response, *the evidence*, and the arguments of counsel." (Emphases added). Without presenting a record of the final hearing—clearly, an evidentiary hearing—appellants have failed to establish harmful

6

error.  *See Vernco Constr.*, 460 S.W.3d at 150.

Out of an abundance of caution, we also reviewed the clerk's record, *see* TEX. R. APP. P. 34.5, for evidence that would conclusively establish non-service.  *See Vernco Constr.*, 460 S.W.3d at 147–51 (remanding to the court of appeals to consider evidence in the clerk's record that was improperly disregarded by the court).  The only evidence in the clerk's record that supports non-service is the affidavit of Dolores Quiroga attached to appellants' petition.  In it she attests that she "was never given a copy of the citation and petition [and that she] . . . found out about the lawsuit after judgment was taken." Without corroborating evidence, her testimony alone was legally insufficient as a matter of law to overcome the presumption that appellants were served.  *See Primate Constr.*, 884 S.W.2d at 152; *Caldwell II*, 154 S.W.3d at 97 n.3.

Because Dickey's contends that its service was defective, we also reviewed the clerk's record for any facial defects in service.  Again, our review was hampered by an incomplete record.  The only additional items appellants designated for inclusion in the clerk's record were the petition for bill of review and appellee's amended answer.  *See* TEX. R. APP. P. 34.5(a), (b).  The entire clerk's record spans thirty-eight pages and the only documents from the underlying lawsuit before us were those attached to appellants' petition, which included copies of the order granting substituted service, the default judgment, and the citation and corresponding officer's return for Dolores Quiroga *individually*.  Thus, although Dickey's argues that its service was defective, it failed to provide us with copies of the citation issued to Dickey's, *see* TEX. R. CIV. P. 99, the motion

7

for substituted service, *see id.* R. 106(b), or the corresponding officer's return.[1]  *See id.* R. 107.  Our review is limited to the contents of the record.  *See* TEX. R. APP. P. 34; *Eagle Fabricators, Inc. v. Rakowitz*, 344 S.W.3d 414, 421 (Tex. App.—Houston [14th Dist.] 2011, no pet.).  Therefore, based on the record before us, we conclude there is no independent basis in the clerk's record for overturning the trial court's decision.  *See Vernco Constr.*, 460 S.W.3d at 147–51.

Lastly, we note that this outcome should not come as a surprise to appellants.  In its brief to this Court, appellee repeatedly cites the "absence of a proper record" before concluding appellants' appeal must fail because "there is no evidence on the bill of review before the court."  Nonetheless, appellants elected not to file a reply brief, *see* TEX. R. APP. P. 38.3, and did not seek leave to file an untimely reporter's record.  *See id.* R. 34.6(b)(3).  Appellants' issues are overruled.

## IV.   CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Delivered and filed the
12th day of September, 2019.

---

[1] The citation issued for Dolores Quiroga individually was addressed to her at 1711 Lauren Lane, Mission, Texas 78572.  According to Dickey's, that same address is also her designated address as Dickey's registered agent, and thus it was the proper address for serving Dickey's.  We note that there is no evidence in the appellate record establishing the designated address for Dickey's registered agent.  Nevertheless, it stands to reason that appellee attempted service on Dolores Quiroga at this very address— at least in her individual capacity—before the trial court granted substituted service for both parties at the Santa Olivia address.  *See* TEX. R. CIV. P. 106(b).  Of course, that's pure speculation, which only highlights the limits of our review with an incomplete record.