

# NUMBER 13-20-00353-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JUAN ANTONIO RIVERA AND
LUZ MARIA RIVERA,                                                    Appellants,

**v.**

WILLIAM MCCASKILL,                                                   Appellee.

On appeal from the 267th District Court
of Victoria County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Silva
Memorandum Opinion by Justice Benavides**

Appellee William McCaskill obtained a no-answer default judgment against appellants Juan Antonio Rivera and Luz Maria Rivera. The Riveras filed a petition for bill of review contending that McCaskill's error prevented them from receiving proper notice of the default judgment. By two issues, the Riveras argue the trial court erred in denying

their petition on due process grounds, and in the alternative, they were denied a preliminary hearing on their petition based on traditional grounds.[1] We affirm.

## I. BACKGROUND

On November 15, 2017, McCaskill entered into an agreement with the Riveras to purchase seven lots and eleven manufactured homes from the Riveras for $160,000. The agreement identifies the Riveras' mailing address as a post office box in Bloomington, Texas. Thereafter, the following events preceded the Riveras' November 2019 petition for bill of review:

| | |
|---|---|
| January 23, 2019: | McCaskill filed suit against the Riveras for breach of contract and fraud and requested the district clerk to prepare citations for service at the Riveras' home address in Bloomington, Texas. |
| February 12, 2019: | The Riveras were served with process at their home address. |
| April 5, 2019: | McCaskill filed a motion for a no-answer default judgment. The attached certificate of service stated that the Riveras were served by certified mail and regular mail at their home address. |
| April 5, 2019: | On that same day, McCaskill filed a Certificate of Last Known Address, certifying the Riveras' "last known address" as their home address. *See* TEX. R. CIV. P. 239(a). |
| April 9, 2019: | The trial court considered the motion by submission and rendered a no-answer default judgment against the Riveras. |

---

[1] Although the Riveras now claim that they filed a petition for bill of review on both no-notice and traditional grounds, that was not their position at the bill of review hearing:

My Bill [o]f Review is a due process Bill of Review and (unintelligible) sets out that all we have got to demonstrate is that we didn't contribute in any way to the wrong address being put on that certificate of last known address and if that's proven we don't have to go into meritorious defenses, none of those are irrelevant (sic) because they're not required. It's not a burden we have to prove. The case law is clear on this. All we have to prove on a due process Bill of Review is we did not, it's not our fault, we did not consider it in any way to the lack of timely notice being delivered to us. That's it. That's all we got to prove.

2

|                    | The court awarded McCaskill $408,211 in unliquidated damages, [2] $2,239.50 in attorney's fees, $331.81 in expenses, and up to $40,000 in conditional attorney's fees. |
|---|---|
| April 9, 2019: | That same day, the district clerk prepared a notice of default judgment and mailed it to the Riveras' home address. |
| April 15, 2019: | The notice was returned to the district clerk as undeliverable. |
| June 6, 2019: | The Riveras filed a sworn motion to set aside the default judgment, alleging the district clerk's notice was defective and that they received actual notice of the judgment on May 8, 2019. |
| July 8, 2019: | The last day to file a timely notice of appeal. *See* TEX. R. APP. P. 26.1(a). |
| July 12, 2019: | The trial court denied the Riveras' motion to set aside the default judgment. |
| July 23, 2019: | The last day to file a motion to extend the deadline for filing a notice of appeal. *See* TEX. R. APP. P. 26.3. |
| August 9, 2019: | The Riveras filed a notice of appeal. |
| September 12, 2019: | We dismissed the appeal for want of jurisdiction because the Riveras failed to timely perfect their appeal. *Rivera v. McCaskill*, No. 13-19-00380-CV, 2019 WL 4309586, at *1 (Tex. App.—Corpus Christi–Edinburg Sept. 12, 2019, no pet.) (mem. op.). |

On November 8, 2019, the Riveras filed their petition for bill of review, contending, as before, that the district clerk's notice was defective and that they did not receive actual notice of the judgment until May 8, 2019, one day before the deadline to file a motion for new trial. More specifically, the Riveras alleged that their actual mailing address, as

---

[2] We note that although McCaskill's suit only complained about the quality of five of the eleven manufactured homes and none of the seven lots that were conveyed to him, the trial court awarded him unliquidated damages that exceeded the total consideration he agreed to pay under the contract by $248,211.The majority of McCaskill's damage model included an estimate of the cost to construct five new manufactured homes even though he never bargained for new manufactured homes.

3

indicated in the purchase agreement, is a P.O. box in Bloomington. They also alleged that it is widely known that all residents in Bloomington receive their mail at a P.O. box and that both McCaskill and his attorney were residents of Bloomington at the time. Therefore, they contended that McCaskill's attorney was, at the very least, negligent when he certified their home address as their last known mailing address.

The Riveras further alleged that their daughter, Jasmine Rivera, was the first to receive actual notice of the default judgment when she checked the P.O. box on May 8. According to their petition, the Riveras do not check their mail daily, and when Jasmine visited the P.O. box, a postal employee informed her that they had been "waiting" for the Riveras to check their mail so they could deliver a package that would otherwise soon be returned to the sender for non-delivery. The package contained the notice of default judgment issued by the district clerk, and Jasmine provided the notice to her parents that same day.

On July 23, 2020, the trial court conducted a hearing on the bill of review. Jasmine testified on behalf of her parents. Her uncontroverted testimony was consistent with the allegations in the bill of review: she claimed she received the notice of default judgment at the post office on May 8, provided it to her parents that same day, and that her family does not check the P.O. box daily. The parties also introduced various documents into evidence, including copies of the purchase agreement, certificate of last known address, and notice of default judgment. The trial court denied the bill of review, and this appeal ensued.

## II. STANDARD OF REVIEW

We review an order granting or denying a bill of review for abuse of discretion. *Temple v. Archambo*, 161 S.W.3d 217, 224 (Tex. App.—Corpus Christi–Edinburg 2005, no pet.) (citing *Manley v. Parsons*, 112 S.W.3d 335, 337 (Tex. App.—Corpus Christi–Edinburg 2003, pet. denied)). "In determining whether the trial court abused its discretion, we view the evidence in the light most favorable to the trial court's action, indulging every presumption in favor of the judgment." *Garza v. Att'y Gen.*, 166 S.W.3d 799, 811 (Tex. App.—Corpus Christi–Edinburg 2005, no pet.) (citing *Zorilla v. Wahid*, 83 S.W.3d 247, 253 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.), *overruled on other grounds by Iliff v. Iliff*, 339 S.W.3d 74 (Tex. 2011)). A court abuses its discretion if it acts without reference to guiding rules and principles or if its actions were arbitrary and unreasonable. *Temple*, 161 S.W.3d at 224 (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)).

## III. APPLICABLE LAW

### A. Post Judgment Deadlines

A party seeking a default judgment is required to "certify to the clerk in writing the last known mailing address of the party against whom the judgment is taken." TEX. R. CIV. P. 239a. Upon the signing of the judgment, the clerk is required to immediately "mail written notice thereof to the party against whom the judgment was rendered at the address shown in the certificate." *Id.*

A trial court may grant a new trial and set aside a judgment for good cause, including, for example, when the damages are manifestly too large. *Id.* R. 320. The

5

deadline for a party to file a motion for a new trial is thirty days after the date the judgment is signed. *Id.* R. 329b(a). However, upon a showing that a party did not receive written or actual notice of the judgment within twenty days of the date the judgment was signed, the thirty-day period to file a motion for new trial "shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first." *Id.* R. 306a(4). But "in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed." *Id.*; *see also In re Lynd Co.*, 195 S.W.3d 682, 684 n.2 (Tex. 2006) (orig. proceeding) ("Rule 306a(4) does not apply and cannot serve to extend a trial court's plenary power when a party learns of final judgment more than ninety days after it is signed."). Although a party has potentially up to 120 days to file a motion for new trial, the outermost deadline to perfect an appeal is ninety days from the date the judgment was signed, which can be extended by fifteen days upon a motion filed with the court of appeals. TEX. R. APP. P. 26.1(a), 26.3.

**B.    Bill of Review**

A bill of review is an equitable proceeding by a party to a former action who seeks to set aside a judgment that is no longer appealable or subject to challenge by a motion for new trial. *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 926–27 (Tex. 1999) (per curiam). "Although it is an equitable proceeding, the fact that an injustice has occurred is not sufficient to justify relief by bill of review." *Id.* at 927.

Traditionally, a bill of review complainant must allege and prove three elements: (1) a meritorious defense to the cause of action alleged, (2) which he was prevented from making by the fraud, accident, or wrongful act of the opposing party or by official mistake,

6

and (3) the absence of fault or negligence of the complainant. *Baker v. Goldsmith*, 582 S.W.2d 404, 408 (Tex. 1979). When a bill of review is sought on these grounds, a trial court may elect to hold a preliminary hearing where the complainant is required to present prima facie proof of a meritorious defense that "is not barred as a matter of law and that he will be entitled to judgment on retrial if no evidence to the contrary is offered." *Id.* at 408–09.

However, "when a bill-of-review plaintiff claims a due process violation for no service of process or notice of a default judgment, it is relieved of proving the first two elements." *Katy Venture, Ltd. v. Cremona Bistro Corp.*, 469 S.W.3d 160, 163 (Tex. 2015) (per curiam) (cleaned up). Instead, the complainant "must only prove that its own fault or negligence did not contribute to cause the lack of service or notice." *Id.* (citing *Mabon Ltd. v. Afri-Carib Enters., Inc.*, 369 S.W.3d 809, 812 (Tex. 2012) (per curiam)). When alleging a lack of notice, the complainant must first show that they did not receive notice of the default judgment within an adequate time to pursue alternative legal remedies. *Mabon Ltd.*, 369 S.W.3d at 813 (citing *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84–85 (1988)).

Additionally, bill of review relief is available only if a party has exercised due diligence in pursuing all available legal remedies or has shown good cause for failing to exhaust those remedies. *Herrera*, 11 S.W.3d at 927. This due diligence requirement is distinct from the three bill of review elements. *Caldwell v. Barnes*, 975 S.W.2d 535, 537 (Tex. 1998) (per curiam); *Mowbray v. Avery*, 76 S.W.3d 663, 682 n.28 (Tex. App.—Corpus Christi–Edinburg 2002, pet. denied). If legal remedies were available but ignored,

7

relief by bill of review is inappropriate. *Herrera*, 11 S.W.3d at 927. A party with an available appeal who fails to pursue that remedy is not entitled to seek relief by bill of review. *Rizk v. Mayad*, 603 S.W.2d 773, 775 (Tex. 1980).

## IV. ANALYSIS

By their first issue, the Riveras contend that the trial court abused its discretion in denying their petition for bill of review on grounds that they did not receive notice of the default judgment. By their second issue, they contend the trial court abused its discretion in denying their petition for bill of review on traditional grounds because they were denied the right to a preliminary hearing on these grounds. Either way, to obtain relief, the Riveras had to first show that a lack of notice actually deprived them of the opportunity to pursue alternative legal remedies and that they exercised due diligence in pursuing all available legal remedies. *See Mabon Ltd.*, 369 S.W.3d at 813; *Herrera*, 11 S.W.3d at 927. This is where the Riveras' petition ultimately fell short.

## A. McCaskill's Compliance with Rule 239(a)

Both parties spend a considerable amount of time in their briefs discussing whether McCaskill complied with Rule 239a's requirement that he provide the clerk with the Riveras' "last known mailing address." *See* TEX. R. APP. P. 239a. We believe this focus on McCaskill's fault was misplaced. As noted, the Riveras were only required to prove two things to prevail on their no-notice petition: (1) they had no notice of the default judgment within an adequate time to pursue alternative legal remedies, and (2) the lack of notice was not because of their own fault or negligence. *See Mabon Ltd.*, 369 S.W.3d at 813 (citing *Peralta*, 485 U.S. at 84–85). The real question, then, is whether the Riveras

8

can prevail on a no-notice petition for bill of review when they admit that they received notice of the default judgment before all their legal remedies expired.[3]

## B.     The Riveras' Notice

The Riveras admit that they received notice of the default judgment one day before the initial thirty-day deadline to file a timely motion for new trial,[4] but they contend that one day's notice did not provide them with a meaningful opportunity to respond to the default judgment, and therefore, the notice was effectively no notice at all. While notice must be meaningful to comport with procedural due process requirements, *see Tex. Workers' Comp. Comm'n v. Patient Advocs. of Tex.*, 136 S.W.3d 643, 658 (Tex. 2004) (citing *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)), the Riveras' narrow focus on the initial thirty-day deadline ignores the fact that they did have a meaningful opportunity to pursue alternative legal remedies even after the expiration of that deadline. *See Mabon Ltd.*, 369 S.W.3d at 813.

Rule 306a(4) specifically contemplates the Riveras' situation by providing an opportunity to extend post-judgment deadlines, such as filing a motion for a new trial, based on late notice of a default judgment, including actual notice. *See* TEX. R. CIV. P. 306a(4). Indeed, on June 6, 2019, within thirty days of receiving notice of the judgment on May 8, 2019, the Riveras timely filed a motion to set aside the default judgment for good cause based, in part, on the late notice they received.[5] *See* TEX. R. CIV. P. 306a(5);

---

[3] We note that although the Riveras describe it as "actual" notice, as opposed to formal notice, they acknowledged at the hearing that they received a copy of the district clerk's written notice on May 8.

[4] Because the judgment was signed on April 9, 2019, the Riveras had an automatic right to file a motion for a new trial through May 9, 2019. *See* TEX. R. CIV. P. 329b(a).

[5] Although the Riveras now claim that this motion was timely, they concede in their reply brief that this argument was waived in the previous appeal. *See Rivera v. McCaskill*, No. 13-19-00380-CV, 2019 WL

*id.* R. 329b(a). Thus, the record conclusively establishes that, despite any delay, the Riveras received notice of the default judgment within an adequate time to pursue alternative legal remedies. *See Mabon Ltd.*, 369 S.W.3d at 813.

## C.   The Riveras' Lack of Due Diligence

The Riveras did not avail themselves of all their legal remedies, though. By filing an untimely notice of appeal, they did not secure our jurisdiction to directly review the trial court's denial of their motion to set aside the default judgment. *See Rivera*, 2019 WL 4309586, at *1. Having failed to provide any explanation in their petition for bill of review for why they missed their appellate deadline, the Riveras did not make their threshold showing of due diligence.

By timely filing their motion to set aside the default judgment, the deadline to file their notice of appeal was extended until July 8, 2019. *See* TEX. R. APP. P. 26.1(a)(1). The motion was originally set for hearing on June 28, 2019, but for reasons that are unclear from the record, the hearing was reset for July 12, 2019. Knowing that the trial court would not consider their motion until after the appellate deadline had expired, *see Thompson v. Henderson*, 45 S.W.3d 283, 290 (Tex. App.—Dallas 2001, pet. denied) (charging attorneys with knowledge of the law, including filing deadlines), the Riveras could have filed a conditional notice of appeal by July 8. *See In re K.A.F.*, 160 S.W.3d 923, 927 (Tex. 2005) (noting "the well-settled proposition that a court of appeals has jurisdiction over an

---

4309586, at *1 (Tex. App.—Corpus Christi–Edinburg Sept. 12, 2019, no pet.) (mem. op.). As explained below, even if the motion was timely, the Riveras nonetheless failed to timely perfect their appeal because they filed their notice of appeal more than ninety days after the judgment was signed. *See* TEX. R. APP. P. 26.1(a)(1) (establishing ninety days as the deadline to file a notice of appeal when a timely motion for new trial is filed).

appeal if the appellant timely files an instrument in a bona fide attempt to invoke the appellate court's jurisdiction"). They did not.

Alternatively, even after the trial court denied their motion on July 12, the Riveras had until July 23 to file their notice of appeal and a motion with this Court to extend the appellate deadline. *See* TEX. R. APP. P. 26.3. Instead, they waited until August 9 to file their notice of appeal, demonstrating a lack of due diligence in pursuing all their available legal remedies. *See Rizk*, 603 S.W.2d at 776 (explaining that "a bill of review may not be used when one neglects to urge a motion for new trial or appeal when he has time to do so"); *Narvaez v. Maldonado*, 127 S.W.3d 313, 321 (Tex. App.—Austin 2004, no pet.) (concluding complainant failed to exercise due diligence in pursuing other legal remedies where complainant did not appeal judgment after his motion for new trial was overruled).

Moreover, the petition for bill of review contains no allegations that could be construed as good cause for missing the appellate deadline. *See Thompson*, 45 S.W.3d at 290 (concluding the complainant failed to demonstrate due diligence where his attorney provided no justification for filing an untimely motion for new trial). Simply put, the Riveras could have avoided the more onerous bill of review standard by diligently pursuing all their available legal remedies. *See Baker*, 582 S.W.2d at 409 (explaining that the bill-of-review standard "may be an onerous burden, but it is a major distinguishing factor between a bill of review and a motion for new trial"). Having failed to do so, they were not entitled to seek bill of review relief in the first instance. *See Herrera*, 11 S.W.3d at 927; *Rizk*, 603 S.W.2d at 775.

In sum, even if McCaskill failed to provide the district clerk with their correct mailing address, the Riveras were not denied a meaningful opportunity to directly attack the default judgment. Instead, the Riveras' lack of diligence contributed to the default judgment becoming final. These conclusions are fatal to both their traditional and no-notice grounds. Accordingly, they are not entitled to bill of review relief. We overrule the Riveras' issues.

## V.     CONCLUSION

We affirm the trial court's judgment.

GINA M. BENAVIDES
Justice

Delivered and filed on the
26th day of August, 2021.